ELIZABETH M. GLEASON

*v.*

VILLAGE OF JEFFERSON *et al.*

1. INJUNCTION—*to prevent improving land as a street, complainant must show title.* To entitle a party to a perpetual injunction to restrain the grading and improving of land as a street, he must show that he is the owner of such land; proof, merely, that he is in possession will not be sufficient.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. DAVID S. PRIDE, for the appellant.

Mr. S. M. DAVIS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed a bill to enjoin the village of Jefferson and its street commissioner from grading and improving as streets certain strips of ground in the village. She, in her bill, alleges that she is the owner in fee simple of the premises in controversy, but, on the hearing, she made no proof of title, either by the production of deeds or other title papers. She did not even prove that she was in possession of the *locus in quo.* The court below, on the hearing, dissolved the temporary injunction and dismissed the bill, and complainant brings the case to this court by appeal, and seeks to reverse the decree of the court below.

That it must appear in evidence, or from the answer or stipulation and admissions of defendants, that appellant was the owner, as alleged, or at least was in possession of the premises in controversy, before the relief sought can be granted, is undeniably true. That a party to any form of litigation, whether at law or in equity, must show a valid right before he can recover, is axiomatic. The rule is strictly elementary, and lies at and is the basis upon which all systems of jurisprudence are founded. It is only to protect and enforce rights, that governments are formed, laws adopted and courts are founded, and officers of the law maintained. The party claiming a right in the courts must prove or otherwise establish the right, before the courts will interfere to put him in possession of the right, or interfere to protect, maintain or enforce the right.

But in this case it is insisted that appellees admitted, by their answer, that appellant was in possession of the premises. Even if the admission of possession, in such a case, could be held to prove the allegation of ownership in fee, still we fail to find such an admission in the answer, either in terms or in effect. In the actions of trespass and case, a mere possession is sufficient to justify against a mere wrongdoer, or to recover against him for invading the possession of the occupant; but where a person claims a perpetual injunction restraining others from doing what is, or appears to be, sanctioned by the law, it would seem that something more than a mere naked possession should be shown. It seems to us that to restrain the making of a public improvement in which the whole, or a large portion, of the people have an interest, should not be restrained on such slender evidence of right. Shall it be said that a mere trespasser, or a tenant at will, or for a year, may obtain a perpetual injunction, and prevent the opening of roads or streets which may be of the greatest utility to the public, by simply showing that he is occupying adjoining land?

Appellant's counsel, manifestly, in drafting the bill, did not

so understand the law, as he alleged ownership in fee simple
in complainant. If a mere naked possession was all that was
required, why should he have done more than allege it? A
perpetual injunction is not, nor should it ever be, decreed,
except on the establishment of the clearest and most satisfac-
tory right, and that fully established. It is not like a trespass
for merely invading a possessory right, but it concludes the
assertion of an adverse right for all time to come. Not so in
trespass, as there, as a general rule, no one's ultimate or supe-
rior right is affected; whilst here, were the relief granted, the
village could never assert the right to open the street, under
any existing plat or dedication, however perfect the right,
against appellant, or her heirs or assigns. To so decree, would
be an abuse of the restraining power of the court.

But it only appears that the husband of complainant had
commenced to erect a fence in the street when these proceed-
ings were commenced, as we understand the answer; but sup-
pose he had completed the fence in the center of the street,
for its entire length, to which side of the fence would counsel
refer his possession—on the side on which his wife's property
is situated, or the other, or on both, thus giving him posses-
sion of the entire street? We presume not the latter, because
he nor his wife either claimed any interest in the other side
of the street, opposite to her property; nor does it appear,
from the answer, that he was acting for his wife, or in refer-
ence to her property.

Again, where possession is relied on, the acts must be pub-
lic, open, hostile in their character and unequivocally indi-
cate to the world what property has thus been reduced to
possession. Where a house or field is placed on a tract of
land, all know that the ground embraced in the inclosure is
reduced to possession, and have reason to believe, if not em-
bracing the entire tract on which they are situated, that the
possession is more extensive than the mere inclosure, and
hence the deed under which the right is claimed to make the
improvement may be shown to explain the extent of the claim

and possession; but a string of fence running along and in the center of a road indicates or suggests no other or greater possession than the ground actually occupied by the fence.

The entire record considered, we fail to find that complainant has made such a case as entitles her to the relief asked, and the decree of the court below is affirmed.

*Decree affirmed.*