## P. A. SMITH v. CITY OF NAVASOTA.

### No. 2518.

1. **Injunction—Streets.**—To sustain an injunction restraining a city from opening up streets and alleys within its limits it devolves upon the complainant to show a contemplated invasion of his rights by the city. This would not be if the land had been dedicated to the use claimed by the city, or if not, unless owned by complainant.

2. **Deeds—Blocks and Lots Called for.**—Deeds calling for lots and blocks of subdivisions of a town or city and referring to a map of such blocks, etc., affect the land as described in such map. The map is necessary to show what land is included in the given lots and blocks.

3. **Injunction—Possession.**—Mere possession of land claimed as streets and alleys, in a city, although long continued, does not authorize an injunction against such town or city against the opening up of such unused streets or alleys.

4. **Maps—Records.**—See facts where record of map in the record of deeds was properly admitted. The party against whom used held under deeds calling for a map on file in the county records. There was no other such map on record and it had been recognized by the city authorities as correct—there being no objection that it was secondary evidence.

5. **Declarations by Parties in Possession.**—Such declarations made after possession had ceased are incompetent, but when the case is tried before the court without a jury and it is not shown that the testimony affected the result there will be no reversal.

6. **Innocent Purchaser—Notice.**—A purchaser under deed calling for a map upon which is laid off streets and alleys can not be regarded as ignorant of such streets and alleys as defined upon such map.

7. **Improvements.**—It seems that a party claiming under deeds affording means of knowing the limits of the land claimed under them can not be regarded as a good faith possessor when asking for improvements made without the limits as indicated by his deeds.

APPEAL from Grimes. Tried below before Hon. N. G. Kittrell.

Smith brought suit to enjoin the city of Navasota from opening up the street or alley way between blocks 7 and 8 of Nolan's addition to the said city. The injunction having been granted, the city of Nava-

sota on the trial of the case upon its merits sought not only to have this injunction dissolved and to recover possession of this street, but also set up that appellant had taken possession of another alley that lies between blocks 7 and 8 and blocks 12 and 11.

The annexed is a part of Mills' survey referred to, and shows the position of the street and alley in litigation and of the lots 7 and 8 and the blocks 11 and 12 referred to:

(Washington Avenue.)

The case was tried before the judge, who filed conclusions of fact as follows:

1. I find plaintiff held title to blocks 7 and 12 in the city of Navasota, according to the map and plan of Nolan's addition to said city known as Mills' map or survey, the property being so described in all mesne conveyances from Nolan to plaintiff, and in no instance described by any other description.

2. I find that Mills' survey or map was commonly recognized and referred to in making conveyances in that portion of Navasota, and find by investigation made by consent of counsel that the map offered in evidence as the Mills' map or survey is the one referred to and the one seen by witness Grimes; the lower end, not affecting the description of this property, having been lost off, hence doubts of Grimes. Another map was discovered in office.

3. I find that Nolan conveyed to the railroad part of a survey owned by him, and reserved a part which he had laid off into lots and blocks, leaving streets and alleys, and which was known as Nolan's addition to Navasota, the map of which was Mills' map or survey.

4. I find that there is no evidence that any witness ever saw a deed to property in Nolan's addition described otherwise than by Mills' map or survey, never by metes and bounds or by feet and inches.

5. I find that survey of all city of Navasota was made by Rufus Grimes in 1871 or 1872 and plotted into a map in 1874 or 1875, survey having been ordered by corporate authorities of Navasota, and in making which Grimes, an experienced surveyor, followed Mills' map or survey in mapping Nolan's addition as far as possible and substantially.

6. I find that from time to time the city of Navasota has opened streets and built bridges on the streets running in the direction of the street described in plaintiff's petition, many such openings have been made and bridges erected as the population and business demanded; and that the moving purpose of opening the street in question was to reach the standpipe of a system of waterworks which the city was putting in operation.

7. I find a street forty feet wide left between blocks 7 and 8, on Mills' map or survey of Nolan's addition, and an alley twenty feet wide between blocks 7 and 12.

8. I find further that the immediate grantor of plaintiff always held subject to and recognized the city's rights to open said property whenever it saw fit, and that the grantor of plaintiff so held and always declared, and sold to plaintiff's immediate vendor with the understanding that the purchaser Gabert should hold in the same way, this being expressly stipulated and understood when he, Owen, sold to plaintiff under Gabert—this applying equally to the street and alley way.

9. That the alleys and streets have been closed continuously for twenty years, of about five years of which time before this suit was brought plaintiff owned the blocks 7 and 12.

10. That when plaintiff built the addition to the house on the lot he purchased he was notified by the adjoining owner or owners of block 8 (whose ancestor had always held subject to city's right) that the plaintiff was building in the street. This about two and a half years since.

And conclusions of law as follows:

1.   That there was a dedication of the property to public uses within the meaning of the law, and that there was a sufficient acceptance of the dedication, the city only being required to put the property to use as the exigencies of the city demanded.

2.   That plaintiff bought with constructive notice of the existence of the street and its width, and actual notice by residence in and services as an alderman, of the usages and policy of the city with regard to the streets and alleys.

3.   That he was bound by the recitals of the deed under which he claimed and the description of Mills' map or survey of Nolan's addition to the city of Navasota.

4.   That he had at no time ever bought by direct recital or by implication the streets or alley ways in block seven (7) and block twelve (12), but only the lots as described on the said map or survey.

5.   That he took such title as his grantors had and no more, and that he not having ten years possession adversely can not look to them to complete his title, because they at no time claimed adversely to city, or at least there was no such claim by the two immediately preceding him, without whom his title could not reach the ten years—their declarations as to their title and manner of holding affecting their possession.

6.   The holding of Owen and Gabert not being commenced and continued under a claim of right inconsistent with and hostile to that of the city, but having been with express recognition thereof and in subordination thereto, can not avail the plaintiff to aid his possession even if ten years were sufficient, which (while it is not denied that limitation will run against the city) it is not necessary to decide.

The plaintiff appealed.

*J. Earl Preston,* for appellant. — 1.   The map offered and read in evidence over the objections of appellant was erroneously admitted; (1) because the same had never been proved for record; and (2) because the same was improperly admitted to record.   Rev. Stats., arts. 4308 and 4331.

2.   The recorded plan or map of a city or town with blank spaces between blocks without number alone is not sufficient evidence of a dedication of the blank spaces to public uses as streets and alleys.   To complete or perfect a dedication of property to public uses two things are necessary, the act of dedication by the owner of the property and the acceptance of it by the public.   2 Greenl. on Ev., sec. 662; Oswald v. Grenet, 15 Texas, 118; Seguin v. Ireland, 58 Texas, 183; Gilder v. City of Brenham, 67 Texas, 345; State v. Carver, 5 Strobh, 217; Teagarden v. McBean, 33 Miss., 283; Town Council v. Lythgo, 7 Rich., 435; Pope v. Union, 18 N. J. Eq., 382; State v. Bradburry, 40 Me., 154; Niagara Falls Bridge Co. v. Bachman, 66 N. Y., 261.

3.   If there was a dedication of the property by Nolan to the city appellee for a public highway the city has lost its right thereto by non-user.

4.   Admissions in derogation and in disparagement of title to property made by a former owner who has parted with his interest are not competent evidence against third parties.   Grooms v. Rust, 27 Texas, 231; Wilson et al. v. Simpson et al., 68 Texas, 306; Chase v. Horton, 9 N. E. Rep., 31.

*H. H. Boone*, for appellee.—As to dedication.   Oswald v. Grenet, 22 Texas, 99; Lamar Co. v. Clements, 49 Texas, 354; Preston v. City of Navasota, 34 Texas, 684; Dill. on Mun. Corp., Ded., chap. 17, sec. 626, *et seq*.

As to judgment of court and admissibility of evidence.   Garcia v. Gray, 67 Texas, 282.

STAYTON, CHIEF JUSTICE.—Appellant brought this suit to restrain the city of Navasota from opening ground claimed by the latter to have been dedicated as a street between blocks 7 and 8 in Nolan's addition to the city.   Appellee in its answer asserted a right to open for use a street between the named blocks and asserted a further right to have opened an alley between blocks 7 and 12.

Appellant bases his right on two propositions; first, that the land in controversy was never dedicated by Nolan for street and alley; second, if so dedicated the right had been lost by adverse possession held by him and those under whom he claims for more than twenty years.

The cause was tried without a jury, and as conclusion of fact the court found that the possession of persons through whom appellant claims was not adverse to the city, but permissive and in subordination to the right of the city to use the land for street and alley whenever this became necessary or desirable.   This conclusion of fact is sustained by the evidence, and as the possession of appellant was not continued for such period of time and under such circumstances as to bar the right of the city it becomes unnecessary further to consider this branch of the case.   To entitle appellant to an injunction restraining the city from opening the street or alley it was necessary that it be shown that the contemplated acts would be violative of his right.   This the threatened acts would not be if the land had been dedicated to the use claimed, or if it had not been unless it was owned by appellant.

For the purposes of this case it may be conceded that appellant owns blocks 7 and 12 in Nolan's addition to the city of Navasota.

The deeds through which appellant claims are not set out in full in the statement of facts, but it does appear that the land covered by the blocks named is not in the deeds otherwise described than by the number · of block, city wherein situated, and by a reference to a map or plan which

is identified by the words "according to Mills' map and plan of Nolan's addition to such city."

It appears, however, from a bill of exceptions that every deed through which appellant claims declares that the map or plan referred to was on file in the county clerk's office.

In so far as appellant sought relief it was incumbent on him to show that he owned the land on which the city was threatening to open a street, and not showing that he so became by adverse possession it was necessary that he should show this by deeds.

His deeds alone not being sufficient to show the boundaries of the blocks claimed by him it was necessary that he should introduce the map or plan of the Nolan addition referred to in the deeds or secondary evidence thereof in order to prove the locality of the blocks and their boundaries.

Without such proof his case must necessarily have failed for want of proof, unless his naked possession was such evidence of right as would entitle him to the equitable relief sought.

We are of the opinion that in cases of this character an injunction ought not to be granted on evidence of right consisting only of a naked possession. Gleason v. Village of Jefferson, 78 Ill., 399.

On the trial the defendant was permitted to offer from the record of deeds what purported to be a copy of Mills' map of Nolan's addition to the city of Navasota, which showed the blocks claimed by appellant, with street and alley as claimed by appellee.

The introduction of this was objected to by the appellant on several grounds which went to the question of proper record of the map and to its identity with that to which reference was made in the deeds through which appellant claims, but in signing the bill of exceptions the court states that "the evidence was admitted because every deed under and through which plaintiff claimed referred to Mills's map or survey of the city of Navasota as filed in the clerk's office, and it was agreed that the court might examine and see if any other map could be found of record, but no other was found, and the one offered in evidence was indexed four times for the same book and page, and hence whether it was technically correctly filed and recorded or not, if it was the map referred to and according to which the conveyances were made the plaintiff was bound by the recitals of his deeds to abide by the map."

There was no objection that the original map was not produced or its absence accounted for, and the map found on the record was placed there on December 10, 1859. The map introduced in evidence seems to have been recognized as a correct map of Nolan's addition made by Mills, and as early as 1871 it was recognized by the city as a correct map, and was used and followed in making a survey and map of the entire city by a surveyor employed to perform that work.

The court found that the map offered in evidence was the map of the

Nolan addition made by Mills, and that the deeds through which appellant claims referred to that identical map or plan.

In view of the recitals in the deeds relied on by appellant to show title in himself, and of all the facts and agreements attending the introduction of the map, and of the further fact that the map offered had been for many years acted upon, we are not prepared to hold that the court erred in receiving it in evidence or in holding that it was a true copy of the map or plan to which reference was made in appellant's deeds. As evidence it was conclusive of the fact that a street existed between blocks 7 and 8 and an alley between blocks 7 and 12, as claimed by the city.

The evidence of the dedication of the street and alley to public use was sufficient, as was it to show that the city had accepted the dedication. There was evidence introduced by appellee showing declarations made by persons through whom appellant claims as to the existence of the street and alley and of their knowledge and recognition of the same while they owned and possessed the blocks. These declarations, however, were made after the persons making them had ceased to own or possess, and should not have been received. The cause, however, was tried without a jury, and the record shows that the court did not consider this evidence on any issue to the prejudice of appellant.

The evidence of a witness was objected to on the ground that it related to alleys and not to the existence and recognition of a street by persons through whom appellant claims, there being no relief sought in appellant's petition against the opening of alleys by the city in Nolan's addition. The bill of exceptions, however, shows that witness used the words streets and alleys in the same sense and as equivalents; but had not this been so the pleadings of appellee authorized and required an inquiry whether the alleys were dedicated and as to whether the possession of the ground on which they were placed was adverse to the city.

Appellant certainly can not be held to be an innocent purchaser of the ground crossed by the street and alley the city seeks to open, for he bought under a deed which for description of the blocks bought by him referred to a map which showed the street and alley and that the blocks were bounded by them.

If appellant made improvements wholly or in part in the street or alley, under the findings of the court this was done not only with the means of knowledge furnished by his own deeds and map to which they referred, but with actual notice that he was placing improvements in the street. Under this state of facts such improvements were made in bad faith and furnish no ground for relief.

What has been said disposes of the assignments of error, and finding no error in the judgment of which appellant complains it will be affirmed.

*Affirmed.*

Opinion January 15, 1889.