(June 28, 1904.)

## PURDUM v. NEIL.

[77 Pac. 631.]

JUSTICE'S COURT—SERVICE OF SUMMONS OUTSIDE OF COUNTY—JURISDICTION.

1. Under subdivision 4 of section 4726, Revised Statutes, the objection that the action has been commenced in the wrong county may raise not only a question of law, but one of fact and entitle the defendant to a judgment of nonsuit after the evidence is in, although he does not defend against the action on its merits.

2. Where a defendant appears in a justice's court and makes and files his objections to the jurisdiction on the grounds that he resides and was served in another county, and that the contract sued on was not in writing and was not to be performed in the county where the action was commenced, and at the same time files his affidavit raising those issues and they are denied by the plaintiff's counter-affidavit and facts showing jurisdiction are set up in the counter-affidavit, the objections are properly overruled and the evidence should be heard.

3. If upon the trial it appears that the court has no jurisdiction of the person of the defendant, and of the contract sued on and objection be made on that ground, a nonsuit should be granted under section 4726, Revised Statutes.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District in and for Blaine County. Honorable Lyttleton Price, Judge.

From an order and judgment of the district court reversing a judgment of the justice's court of Hailey precinct, plaintiff appeals. Reversed.

The facts are stated in the opinion.

Sullivan & Sullivan, for Appellant.

The jurisdiction of a justice's court is sufficiently shown where it appears from the whole record in the proceedings. (*Sappington v. Lenz,* 53 Mo. App. 44; 12 Ency. of Pl. & Pr. 671; *Lowe v. Alexander,* 15 Cal. 297; *Fagg v. Clements,* 16 Cal. 389; *Jolley v. Foltz,* 34 Cal. 321.) Jurisdictional facts need not appear in declaration; it is sufficient if they appear on the trial. (*Hackman v. Flory,* 16 Pa. St. 196.) If jurisdictional facts nowhere appear in the records of the justice's court, and the judgment is attacked, the plaintiff could then introduce evidence *aliunde* in proof of the jurisdictional facts, in support of the judgment. (*Blair v. Hamilton,* 32 Cal. 50; *In re Madera Irr. Dist.,* 92 Cal. 335, 27 Am. St. Rep. 106, 28 Pac. 272, 675, 14 L. R. A. 755; *In re Williams,* 102 Cal. 70, 41 Am. St. Rep. 163, 36 Pac. 407.) Objection to the jurisdiction where the record does not show want of jurisdiction, should have been taken by answer at the trial. (*Small v. Guinn,* 6 Cal. 447; *Gregory v. Bovier,* 77 Cal. 121, 19 Pac. 232; *Holbrook v. Superior Court,* 106 Cal. 589, 39 Pac. 936.)

E. J. Dockery, for Respondent.

In an action on a judgment by default rendered in the justice's court the burden is upon the plaintiff to show affirmatively by competent evidence that the justice's court acquired jurisdiction to render the judgment sued upon. And a recital in the justice's docket not authorized by statute cannot establish jurisdiction over defendant to sustain a judgment rendered against him. (*Fisk v. Mitchell,* 124 Cal. 359, 57 Pac. 149;

*Kane v. Desmond,* 63 Cal. 464.)   The jurisdiction of justices'
courts being special and limited, the law presumes nothing in
favor of their jurisdiction, and a party who asserts a right
under a judgment rendered in such court must show affirma-
tively every fact necessary to confer such jurisdiction.   (*Rowley
v. Howard,* 23 Cal. 401; *Lowe v. Alexander,* 15 Cal. 296; *Jolley
v. Foltz,* 34 Cal. 321; *Mallett v. Uncle Sam M. Co.,* 1 Nev. 188,
90 Am. Dec. 484; *Woodbury v. Henningsen,* 11 Wash. 12, 39
Pac. 243.)   Courts of justices of the peace, being of special and
limited jurisdiction, can take nothing by intendment or impli-
cation.   (*Paul v. Armstrong,* 1 Nev. 82; *Little v. Currie,* 5
Nev. 90; *McDonald v. Prescott,* 2 Nev. 109, 90 Am. Dec. 517.)
Powers conferred on justices' courts must be strictly pursued
and complete jurisdiction must be affirmatively shown.   When
a written notice is required to give jurisdiction, such notice
must appear in the record to show the justice had jurisdiction;
an entry in his docket will not be sufficient.   (*Jones v. Jus-
tice Court,* 97 Cal. 523, 32 Pac. 575; *Eltzroth v. Ryan,* 89 Cal.
135, 26 Pac. 647.)

AILSHIE, J.—This action was originally commenced in·
Hailey precinct, Blaine county, and the complaint alleged that
on the eighteenth day of February, 1901, plaintiff sold and de-
livered to the defendant a quantity of ice for which defendant
promised and agreed to pay the sum of $100, and that he
thereafter neglected and refused to pay.   In addition thereto
it contains the following allegation: "That all the terms and
conditions of said contract were to be performed in Blaine
county, Idaho."   Summons thereupon issued and was served
upon the defendant in Boise City, Ada county.   The summons
was in substantial compliance with section 4655, Revised Stat-
utes, but, like the complaint, made no mention as to whether
or not the contract was in writing.   On the day fixed in the
summons for the appearance, the defendant filed his motion
to dismiss the action upon the ground that he was a resident of
Ada county, and that he had never been a resident of Blaine
county, and on the further ground that the service of summons
had not been made in the county of Blaine, but was made in

Ada county, and that the court had obtained no jurisdiction over the person of the defendant. The motion closed as follows: "This motion is made upon affidavit hereto attached and the complaint, summons and return thereto in this action." So far as the transcript shows it does not appear that any affidavit was attached to the motion, but on the same day that the motion was filed, an independent document was also filed entitled in the cause which purported to be the affidavit of the defendant in which he denies all the allegations of the complaint and avers that he is a resident of Ada county, and that he never entered into a contract in writing with the plaintiff whereby he agreed to perform any obligation or pay any sum in the county of Blaine. Four days after the filing of this motion and affidavit the plaintiff filed what appears to be a counter-affidavit, wherein he alleges that the contract sued upon was a contract in writing wherein and whereby the defendant had promised to pay the plaintiff the sum of $100 in Blaine county. The justice appears to have heard the defendant's motion on the same day on which the last-named affidavit was filed, and overruled the same. No further pleadings or papers were filed in the case, and thereafter, and on the first day of September, 1903, the case was called for trial and all parties appear to have been present. The plaintiff introduced his evidence and thereupon the defendant renewed his motion to dismiss on the ground of want of jurisdiction over the person of the defendant, and especially on the ground, "that the evidence in this case introduced by the plaintiff fails to show that the cause of action was brought upon a contract in writing, which by its terms was to be performed in the precinct of Hailey or in the county of Blaine, and that the summons shows that it was served outside of Blaine county." This motion was also overruled by the justice, judgment was entered in favor of the plaintiff, and the defendant thereupon appealed to the district court upon questions of both law and fact. When the case was called in the district court the defendant renewed his original motion made in the justice's court, which was sustained by the district judge and the judgment of the justice was thereupon reversed. From this judgment plaintiff has appealed. The

contention of defendant both in the justices' and district courts was that since neither the complaint nor summons showed upon its face that the contract was a contract in writing to be performed in Blaine county, the justice had not therefore acquired jurisdiction to issue a summons to be served outside of the county.

By the terms of section 4639, Revised Statutes, "Actions in justices' courts must be commenced and subject to the right to change the place of trial (as in this chapter provided), must be tried: . . . . 7. When a person has contracted to perform an obligation at a particular place and resides in another county, precinct or city; in the precinct or city in which such obligation is to be performed or in which he resides."

Under section 4668, Revised Statutes, a complaint in a justice's court "is a concise statement in writing of the facts constituting the plaintiff's cause of action or a copy of the account, note, bill, bond or instrument upon which the action is based."

Section 4655, Revised Statutes, provides, among other things, that a summons from a justice's court shall contain "a sufficient statement of the cause of action in general terms, to apprise the defendant of the nature of the claim against him."

Section 4659, Revised Statutes, provides that "The summons cannot be served out of the county in which the action is brought, except . . . . when an action is brought against a party who has contracted in writing to perform an obligation at a particular place, and resides in a different county, in which case summons may be served in the county where he resides."

An examination of the foregoing statutory provision will disclose that the section providing the precinct or justice's court in which actions may be commenced authorizes an action to be instituted in the precinct where the obligation is to be performed, but does not require that obligation to be in writing. On the other hand, it is provided that a summons cannot be served out of the county in which the action is commenced unless the contract was in writing and to be performed in the county in which the action was begun. The respondent contends that this question of jurisdiction in such a case must appear from the record at the time the summons is issued and

served. The appellant, on the other hand, argues that the statute nowhere requires these things to appear upon the complaint or summons or justice's docket, and that therefore if they exist as facts and appear upon the trial, that will be sufficient, and that the action cannot be defeated *in limine* by a motion to dismiss; that the case should be heard, and if upon the trial the want of jurisdiction appears, then the action will abate. A determination of that point is not essential to a decision of this appeal for the following reason: The defendant did not rest his motion upon the record made by the plaintiff— that is, he did not rest upon the fact that it nowhere appeared in the complaint, summons or upon the justice's docket that the contract sued upon was a contract in writing to be performed in Blaine county. He raised that issue himself by filing his affidavit alleging that he had never entered into any contract with the plaintiff to be performed in Blaine county. This raised an issue of fact on that point to which the plaintiff replied. Under those circumstances we think the justice properly overruled the motion.

It is evident from the record in this case and the proceedings had before the justice that both plaintiff and defendant, as well as the justice who heard the case, considered the issue that the action had been commenced in the wrong county had been properly raised, and that it remained an issue throughout the entire trial as contemplated by subdivision 4 of section 4726, Revised Statutes. After the court had ruled adversely to the defendant upon his original motion, he remained through the trial and at the close of plaintiff's evidence renewed his motion and based it upon the additional ground that the evidence in the case failed to show that the contract sued upon was in writing and to be performed in Blaine county. This question of jurisdiction could be kept good as a question of fact in this manner as well as it could be preserved as a question of law by an original motion to dismiss. Section 4726, Revised Statutes, is as follows: "Judgment that the action be dismissed without prejudice to a new action may be entered with costs, in the following cases: . . . . 4. When it is objected at the trial, and appears by the evidence, that the action is brought in the

wrong county, or precinct, or city; but if the objection is taken and overruled, it is cause only of reversal on appeal, and does not otherwise invalidate the judgment; if not taken at the trial it is. waived."

A defendant might have no defense to an action upon its merits, and still the court have no jurisdiction of the defendant for the very reasons urged by the defendant in this case. In such case, however, he would not be required to defend upon the merits in order to save the objection, but might rely upon the question of jurisdiction both as a question of law and a question of fact; and this issue, while it would not defeat plaintiff's right of eventually recovering when he proceeds in the proper jurisdiction, still it would completely and effectually defeat the recovery in that particular action and within that jurisdiction. In the manner the question of jurisdiction was raised from the beginning in this case, it presented both an issue of fact and law rather than an issue of law alone. When presented to the district judge upon affidavits with discordant and conflicting evidence thereon, we think the motion should have been denied in the first instance and should have been determined upon the evidence in the case; and if it appeared therefrom that the action was commenced in the wrong county, the judgment of the justice's court should have thereupon been reversed; otherwise, plaintiff would have been entitled to recover.

The judgment of the district court is reversed and the cause remanded, with instructions to take further action in the case in harmony with the views herein expressed. Costs of this appeal awarded to appellant.

Stockslager, J., concurs.