(February 10, 1908.)

## BOISE CITY, Appellant, v. R. L. HON, Respondent.

### [94 Pac. 167.]

DEDICATION OF STREET—FILING PLAT—SALE OF LOTS WITH REFERENCE TO PLAT—DEED CONVEYING LOTS REFERRING TO PLAT—ACCEPTANCE—RIGHTS OF PUBLIC—UNAUTHORIZED TAXATION—NOT AN ESTOPPEL.

1. Where the owner of land plats the same into lots, blocks, streets and alleys, and files such plat with the proper recorder of deeds, and sells lots therein with reference to such plat, he and his grantees are estopped from revoking the dedication of such streets and alleys.

2. A dedication of streets and alleys thus made is irrevocable, and the dedicator and his grantees are precluded from exercising any authority over or setting up any title to the same unless they are abandoned by the public; and that is true whether there has been any formal acceptance of such streets and alleys by the public authorities or not.

3. The act of filing or recording such plat or map is sufficient to establish the intent on the part of the owner to make a donation of the same for public use.

4. The dedication of said streets was complete, and under such dedication the city, the representative of the public, had the right to take possession of and use them whenever the progress and development of the city should make it necessary to do so.

5. Under such dedication, it is not generally expected that the streets and alleys should all be opened at once, and the history of

such transactions shows that many years might elapse before the settlement of the land so platted as a part of a city would be required on the part of the public for their use.

6. Arnold's offer of dedication was sufficiently accepted by the public when some of its members acted upon his offer and purchased lots with reference to the plat filed by him.

7. The practice in this state, as well as in others, of laying out additions to a city or town, filing plats thereof and selling lots by reference to and in conformity with such maps, is prevalent, and public policy requires that the legal consequence of sales under such conditions should be neither uncertain nor obscure.

8. The design and object of those who so plat tracts of land is that the streets and alleys so platted are intended to give increased value to the adjacent lots, and the dedication of such streets and alleys to public use cannot be withdrawn at the whim or caprice of the person who dedicates them, or his grantees.

9. *Held*, that Arnold's dedication is irrevocable and it does not require a formal acceptance on the part of the city to make it binding.

10. When town lots are sold and a deed of conveyance executed therefor, and such deed refers to a plat of record for a description of the premises conveyed, all the particulars appearing on the plat are to be regarded as expressly recited in the deed.

11. Streets and alleys are public property and exempt from taxation, and the assessor has no authority whatever to assess the same for any purpose whatever.

12. The unauthorized acts of an officer in assessing streets and alleys cannot impair the right of the public thereto, nor confer any right as to the ownership of such streets upon anyone paying such taxes.

13. Neither the city officers nor other public officer has any power to defeat the right of the public in property thus dedicated to public use.

14. *Hesse v. Strode,* 10 Ida. 250, 77 Pac. 634, distinguished.

(Syllabus by the court.)

APPEAL from the District Court of Third Judicial District for Ada County.   Hon. Fremont Wood, Judge.

Action in ejectment.   Judgment for defendant.   *Reversed.*

C. P. McCarthy and C. M. Kahn, for Appellant.

Where a party files a plat of land showing streets and alleys thereon, and sells lots and blocks and parcels of land

with reference to said plat, he irrevocably dedicates said streets and alleys for public purposes, and it is not necessary for the city to accept said dedication either expressly or impliedly, nor is it necessary for said city to use said property for street purposes until conditions justify it. (Elliott on Roads and Streets, secs. 117, 118; 13 Ency. of Law and Pr. (Cyc.), 455 et seq.; Abbott's Municipal Corp., secs. 729, 730; *City of Corsicana v. Zorn,* 97 Tex. 317, 78 S. W. 924; *Sanborn v. City of Amarillo* (Tex. Civ. App.), 93 S. W. 473; *Trustees v. City of Hoboken,* 33 N. J. L. 13, 25, 97 Am. Dec. 696; *City of Bayonne v. Ford,* 43 N. J. L. 292; *Weiss v. Taylor,* 144 Ala. 440, 39 South. 519; *Garvey v. Harbison-Walker Refractory Co.,* 213 Pa. St. 177, 62 Atl. 778; *In re Normal School,* 213 Pa. St. 244, 62 Atl. 908; *Lins v. Seefeld,* 126 Wis. 610, 105 N. W. 917; *City of Mobile v. Fowler,* 147 Ala. 403, 41 South. 468; *Thorpe v. Clanton* (Ariz.), 85 Pac. 1061; *Rhodes v. Town of Brightwood,* 145 Ind. 21, 43 N. E. 942; *Meier v. Portland C. Ry. Co.,* 16 Or. 500, 19 Pac. 610, 1 L. R. A. 856; *Fulton v. Town of Dover* (Del.), 6 Atl. 633; *Shea v. City of Ottumwa,* 67 Iowa, 39, 24 N. W. 582; *Gregory v. Town of Lincoln,* 13 Neb. 352, 14 N. W. 423; *Grogan* v. *Town of Hayward,* 4 Fed. 161, 6 Saw. 498.)

"When a plat is referred to in a deed for a description of premises conveyed, all the particulars appearing upon the plat are to be regarded as expressly recited in the deed." (*Bartlett v. City of Bangor,* 67 Me. 460; *Fox v. Sugar R. Co.,* 109 Mass. 292.)

The acceptance of taxes or special assessments by the officers of Boise City would not defeat or take away from Boise City the irrevocable right acquired by such dedication. (*Rhodes v. Town of Brightwood,* 145 Ind. 21, 43 N. E. 942; *Town of San Leandro v. Le Breton,* 72 Cal. 170, 13 Pac. 405; *Sanborn v. City of Amarillo* (Tex.), 93 S. W. 473; *Ellsworth v. City of Grand Rapids,* 27 Mich. 256; *Gillean v. City of Frost,* 25 Tex. Cr. App. 371, 61 S. W. 345; *Evans v. Blankenship,* 4 Ariz. 307, 39 Pac. 812.)

Chas. F. Koelsch, and E. J. Frawley, for Respondent.

"Dedication is an appropriation of land to some public use made by the owner and accepted for such use by or in behalf of the public. It is either statutory or common law." (5 Current Law, 959.)

Our statute on the subject of laying out city and village lots and blocks and filing plats thereof, and dedicating the streets and alleys, was enacted in 1893. Prior to that time there was no statute on the subject; hence the dedication in question, if dedication at all, is a common-law dedication. To effect a common-law dedication three things are essential: (1) An intention to dedicate; (2) Offering to dedicate; and (3) There must be an acceptance. (9 Ency. of Law, 2d ed., 59; 5 Current Law, 961; *Raymond v. Wichita*, 70 Kan. 523, 79 Pac. 323; *Town of Bethel v. Pruett*, 215 Ill. 162, 74 N. E. 111; *People v. Marin Co.*, 103 Cal. 223, 37 Pac. 203, 204, 26 L. R. A. 659.)

Boise City cannot claim by estoppel. A municipality can only acquire rights under an offered dedication by acceptance thereof, express or implied. (*Prescott v. Edwards*, 117 Cal. 298, 59 Am. St. Rep. 186, 49 Pac. 178; *City of Los Angeles v. Kysor*, 125 Cal. 466, 58 Pac. 90; 9 Ency. of Law, 2d ed., 65; *Kelsoe v. Town of Oglethorpe*, 120 Ga. 951, 102 Am. St. Rep. 138 (140), 48 S. E. 366; *Hayward v. Manzer*, 70 Cal. 476, 13 Pac. 141; *Trine v. Pueblo*, 21 Colo. 102, 39 Pac. 330; *City of San Francisco v. Canavan*, 42 Cal. 541; *People v. Reed*, 81 Cal. 70, 15 Am. St. Rep. 22, 22 Pac. 474; *Wolfskill v. Los Angeles Co.*, 86 Cal. 405, 24 Pac. 1094; *McLean v. Lewellyn Iron Wks.*, 2 Cal. App. 346, 83 Pac. 1082; *City of Anaheim v. Langenberger*, 134 Cal. 608, 66 Pac. 855.)

The fact that the city levied and collected taxes is not the only fact that estopped the city from asserting any right over this property, which was, by Dwight Arnold in 1881, sold to a private owner by warranty deed which was placed on record. During most of the time since 1881 it has been inclosed and used for residence purposes, of all of which the city and the public generally had knowledge. The evidence

also shows that in 1906 the city purchased from Dwight Arnold a sixteen foot alley situated historically under the same conditions as the strip in dispute, and that Boise City negotiated with respondent Hon for the purchase of this property. To allow the city at this late day to completely reverse its attitude and thus to ignore private rights is to allow an injustice and a wrong that is contrary to all principles of right and equity. (*Reuter v. Lawe,* 94 Wis. 300, 59 Am. St. Rep. 892, 68 N. W. 955, 34 L. R. A. 733; *Hesse v. Strode,* 10 Ida. 250, 77 Pac. 634; *City of Los Angeles v. Cohn,* 101 Cal. 373, 35 Pac. 1002.) The levying and collecting of taxes alone is such conduct as will estop a city. (*Simplot v. Dubuque,* 49 Iowa, 630.)

SULLIVAN, J.—This is an action in ejectment brought by Boise City, a municipal corporation, against Robert Hon to oust him from a strip of land which is described by metes and bounds in the complaint, and lies between blocks 1 and 20 in what is known as Arnold's Addition to Boise City.

The answer puts in issue many of the material allegations of the complaint, and avers that since the 18th day of April, 1905, defendant has been the owner of, and in the possession of, and entitled to the possession of, said premises, and that he and his grantors have been the successive owners of and in the possession, adversely to all the world, of said premises for more than twenty-eight years immediately preceding the commencement of this action, and that the plaintiff during all of said time had not any right, title, interest or easement in, to, on, over or across said described premises, or any part thereof, and prays that the plaintiff take nothing by its action.

The cause was tried by the court without a jury and findings of fact, conclusions of law and judgment were found, entered and made, in favor of the defendant, who is respondent here. The appeal is from the judgment.

Two errors are specified and relied on: (1) Error in entering judgment for the defendant; (2) Error in admitting evi-

dence as to the city taxes paid by respondent and his predecessors in interest on the property in controversy.

It appears from the record that in 1878, one Dwight Arnold platted an addition to Boise City, of which the land in controversy is a part, and filed said plat for record in the office of the recorder of Ada county, and again in 1888 said Arnold filed an amended plat to Arnold's Addition to Boise City in the recorder's office of Ada county, which amended plat, so far as blocks and streets were concerned, is identically the same as the first plat filed. On both of said plats the land in controversy was marked as a street, it being the extension of Ninth street of Boise City. The record also shows that said Arnold sold and conveyed lots, blocks and parcels of the land so platted in accordance with and by express reference to said plats, and fronting on the land in controversy which was designated on said plat as a street, and the conveyance to Hon's predecessor in interest to the land in controversy was made subsequent to the filing of the original plat.

It also appears from the record that the city limits of Boise City were extended by act of the Legislature in 1885 to include said Arnold's Addition. It was thus placed within the corporate limits of Boise City by act of the legislature prior to the filing of the amended plat on April 25, 1888. It also appears from the evidence that a large portion of the tract in controversy had been inclosed, a part of the time, at least, for the past twenty-six years, and that there was a small shack or house thereon, and that there had been very little travel on said tract.

Prior to 1893, we had no statute on the subject of laying out city and village lots and blocks, streets and alleys, filing plats thereof, and dedicating streets and alleys to public use. It is the contention of counsel for respondent that there was no acceptance of this dedication by Boise City or the public. We cannot concur with that contention. Arnold's Addition was platted and laid out as an addition to Boise City, and lots and blocks were sold therein with reference to such plat, and the act of the legislature extending the corporate limits of Boise City so as to include said addition was clearly

an implied acceptance thereof by the city. However, regardless of that fact, we think the dedication was complete when Arnold platted said land and filed a plat for record and sold lots with reference to said plat.

Judge Elliott in his work on Roads and Streets, 2d ed., states:

Sec. 117. "Dedication may be established against the owner of the soil by showing that he has platted the ground representing streets and alleys on the plat, and has sold lots with reference to it. . . . . Ordinarily the sale of a single lot with reference to the plat will complete the dedication."

Sec. 118. "An owner who makes a plat on which spaces are left indicating the dedication of roads or streets and sells lots with reference to the plat cannot recall his dedication, for he leaves the streets to be opened by the proper local authorities at such time as the public interests may require and of this the local authorities are the judges."

In 13 Cyc., at p. 455 et seq., it is stated:

"Where the owner of real property lays out a town upon it and divides the land into lots and blocks, intersected by streets and alleys and sells any of the lots with reference to such plan, or where he sells with reference to the map of a town or city in which his land is so laid off, he thereby dedicates the streets and alleys to the use of the public. . . . . The reason is that the grantor, by making such a conveyance, is estopped as well in reference to the public as to his grantees, from denying the existence of the easement. . . . . According to the great weight of authority, a dedication made as hereinbefore described is irrevocable, and the dedicator is forever concluded from exercising any authority or setting up any title to the same. And that, too, although there has been no formal acceptance by the public authorities. Nor is the irrevocable character of the dedication affected by the fact that the property is not at once subjected to the use as designed."

In Abbott's Municipal Corporations, secs. 729 and 730, it is said:

"The act of filing and recording a plat or map is sufficient to establish the intent on the part of the owner to make a donation to the public."

"The mere filing of a map or plat, not sufficient under the statutes, or the making of a survey and the marking of land surveyed into square blocks, streets, alleys and parks, may not of itself be considered such an act as will constitute a dedication to the public of a part of the property. But if the owner makes sales of property with reference to such survey or plat and representations in affecting the sales in regard to the location of streets, squares, parks or other public grounds, a dedication of these necessarily follows: The cases are many and establish this proposition beyond controversy."

In the case of the *City of Corsicana v. Zorn,* 97 Tex. 317, 78 S. W. 924, the question arose as to whether the filing of a plat showing street dedications and the sale of lots according to said plat amounted to a dedication of such streets, and also if under such dedication the city was authorized to enter upon said streets. In deciding that case, the supreme court said:

"The effect of a deed, then, from Mrs. Zorn and her husband to the different purchasers was to convey to such purchasers the right that they and all persons should be permitted to use the streets and alleys for the purposes designated upon the said plat for all time, and this conveyance vested in the public and in the city of Corsicana as the organized representative of the public, the right to take possession of and use said streets and alleys whenever the progress and development of the town should make it necessary so to do. It is objected on the part of Mrs. Zorn that there has been no acceptance by the city of the dedication. There was no necessity for such acceptance, for the right which vested in the purchasers of the different lots and through them in the public was irrevocable. It was not expected that the streets and alleys should all be opened at once, but as is well known in the history of such transactions, many years might elapse before the settlement of that part of the city would require the use of such streets."

The facts of the case are quite analogous to those of the case at bar. Arnold dedicated streets by plat and sold lots in reference to such plat. At the time said dedication was made there was no necessity for Boise City to open said streets, as the population and travel in that section of the city did not warrant it, but the failure or neglect of the city to open said streets at the time of the dedication did not take away from it the right obtained by the dedication of Arnold to it, to wit, the right to open said streets when the necessities of the city and of the increased population of that section made it necessary. Arnold's offer of dedication was sufficiently accepted by the public when some of its members acted upon his offer and purchased lots with reference to the plat filed by him. (See *Sanborn v. City of Amarillo* (Tex. Civ. App.), 93 S. W. 473.)

In the case of *Trustees v. City of Hoboken,* 33 N. J. L. 13, 97 Am. Dec. 696, the doctrine of dedication by the filing of maps and the sale of lots with reference thereto is held and approved.

In the case of the *Mayor v. Ford,* 43 N. J. L. 292, the court, after holding that the platting of a tract of land as building lots, selling some of them by reference to such plat and marking a small section as a park, amounts to a dedication of such small section as a public park, gives its reason for coming to that conclusion in the following language, to wit:

"As the practice of selling city lots by reference and in conformity to maps of this description is very prevalent in this state, public policy seems to require that the legal consequences of sales under such conditions should be neither uncertain nor obscure; and such beneficial results can be secured only by maintaining that the rule established by the case just cited (*Price v. Inhabitants of Plainfield,* 40 N. J. L. 608) is not to be frittered away by frivolous circumstances, or other vague indications of an intention inconsistent with the presumption from the specified acts, of a dedicatory design. The reasonable inference from the existence on a map of this description of a tract marked off as a park or other public improvement is that such easement is intended to give value to the adjacent lots, and after such inference has been drawn

and sales effected on that footing, the burden should be thrown on the vendor to show, by the clearest proofs, that the inference thus made was unwarranted."

The language there used is peculiarly applicable to a growing city where addition after addition has been platted, such plats recorded, and the sale of lots to purchasers, and where that is done, the public in general are entitled to the benefits accruing by reason of a dedication of the grounds indicated on such plats for streets or other public purposes.

It was held in *Weiss v. Taylor,* 144 Ala. 440, 39 South. 519, that "When lots are sold with reference to a recorded plat, a dedication of the streets and alleys, as laid out in such plat, is perfected." No official affirmative action on the part of the city was necessary as the right vested in the public by some of its members purchasing lots in accordance with the plat.

Upon this question see *Garvey v. Harbison-Walker Refractory Co.,* 213 Pa. St. 177, 62 Atl. 778; *In re Southwestern etc. Normal School,* 213 Pa. St. 244, 62 Atl. 908; *Lins v. Seefeld,* 126 Wis. 610, 105 N. W. 917; *City of Mobile v. Fowler,* 147 Ala. 403, 41 South. 468; *Thorpe v. Clanton* (Ariz.), 85 Pac. 1061; *Rhodes v. Town of Brightwood,* 145 Ind. 21, 43 N. E. 942.

The underlying principle supporting the doctrine of estoppel is applicable to this case considered from the standpoint of the donor. It is based on the idea that a man shall not defeat his own act or deny its validity to the prejudice of another.

It is useless for us to cite other cases upon this proposition, but there are many well-considered cases holding that dedication is complete when a plat is filed showing streets and alleys thereon and sales are made with reference thereto, and that such dedication is irrevocable, and does not require an acceptance on the part of the city, and we will content ourselves with citing a few of those cases: *Steel v. City of Portland,* 23 Or. 176, 31 Pac. 479; *Hogue v. City of Albina,* 20 Or. 182, 25 Pac. 386, 10 L. R. A. 673; *Carter v. City of Portland,* 4 Or. 339; *Evans v. Blankenship,* 4 Ariz. 307, 39 Pac. 812;

*Bartlett v. City of Bangor,* 67 Me. 460; *Great Northern Ry. Co. v. City of St. Paul,* 61 Minn. 1, 63 N. W. 96, 240.

Under the provisions of sec. 95, of an act concerning cities and villages, approved March 4, 1893 (Sess. Laws 1893, 127), plats of town may be vacated by a written instrument by the proprietor at any time before any lots are sold, and in case lots have been sold, the plat may be vacated by all of the owners of the lots joining in such written instrument, neither of which has been done in this case. That law, however, did not go into effect until March 4, 1893.

The respondent purchased under a deed referring to a map upon which are laid out streets and alleys, and he cannot be regarded as ignorant of such streets and alleys as defined upon the map, and is bound thereby. (*Smith v. City of Navasota,* 72 Tex. 422, 10 S. W. 414.) It is well settled that when a plat is referred to in a deed for a description of premises conveyed, all the particulars appearing upon the plat are to be regarded as expressly recited in the deed. (*Bartlett v. City of Bangor,* 67 Me. 460; *Fox v. Sugar R. Co.,* 109 Mass. 292.)

Certain evidence was admitted as to the payment of taxes on the property in controversy by Hon and his predecessors. This evidence was admitted over the objection of appellant. This was clearly error. The assessor and tax collector had no authority to assess streets and alleys or any public property exempt from taxation, and such unauthorized acts would not deprive the public or those who had purchased lots with reference to the plat of the rights which they had previously acquired by reason of the dedication. (*Rhodes v. Town of Brightwood, supra.*)

In the case of the *Town of San Leandro v. LeBreton,* 72 Cal. 170, 13 Pac. 405, a similar contention was made as to the taxes and street assessments levied upon property which had been dedicated to the public, and it was there held that when the park referred to was dedicated to the use of the public, it became a part of the public grounds of the town and could not be legally assessed or taxed for state, county or municipal purposes, and that the erroneous action of the officers in that

respect could not impair the right of the public nor confer right upon the defendants, and that the doctrine of estoppel had no application. Neither the city officers nor any other public officer would have any power to defeat the right of the public in property thus dedicated to public use. (*Sanborn v. City of Amarillo, supra; Ellsworth v. City of Grand Rapids,* 27 Mich. 256.)

Counsel for appellant cites *Hesse v. Strode,* 10 Ida. 250, 77 Pac. 634. That action was brought to quiet title to a strip of ground two feet, nine inches wide off of the east side of the west half of lot 8, block 7 of the original townsite of Boise City. It appears that the city erected a fire-engine house on the lot adjoining in 1884, and it extended on to the east side of said lot 8, two feet and nine inches, and has remained there ever since. It appears that the city assessed for taxation said entire lot to the owner and collected and received special taxes for street paving, sidewalks, sprinkling and other city purposes, and it was held by this court that under the facts of that case, the city was estopped from claiming title to said two feet, nine inches by adverse possession. The city had not paid the taxes but the holder of the legal title had, and had paid them voluntarily. The rule laid down there has no application to the case at bar.

The judgment is reversed and the cause remanded, with directions to the lower court to make proper findings and enter judgment in favor of the city, granting to it restitution of said premises, with costs of this appeal in favor of the appellant.

Ailshie, C. J., and Stewart, J., concur.