## OREGON SHORT LINE RAILROAD COMPANY, a Corporation, et al., Appellants, v. CITY OF CALDWELL, a Municipal Corporation, and FRED L. LILLY and F. L. LOCKWOOD, Mayor and City Engineer, Respectively, of the City of Caldwell, Respondents.

[226 Pac. 175.]

HIGHWAY—STREET—USER—DEDICATION BY PLAT AND SALE OF LOTS—RAILROAD RIGHT OF WAY—INFERENCE FROM BUILDING AND OPERATION OF RAILROAD—INJUNCTION.

1.  Evidence *held* insufficient to establish a highway by user.

2.  Doctrine of *Boise City v. Hon,* 14 Ida. 272, approved as to dedication of street by filing plat and sale of lots.

3.  In the absence of evidence to the contrary, the taking possession of a right of way, and the building and operation on it of a transcontinental railroad support an inference of the acquisition of a valid right of way.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Action for injunction.  Judgment for defendants.  *Reversed.*

Geo. H. Smith, H. B. Thompson and John O. Moran, for Appellants.

No man can dedicate land unless he is the owner thereof. (*Palmer v. Northern Pac. R. Co.,* 11 Ida. 583, 83 Pac. 947; *Alemany v. Petaluma,* 38 Cal. 553; *Bingham v. Walla Walla,* 3 Wash. 68, 13 Pac. 408.)

"The filing or recording of plats of, and additions to, municipal corporations, pursuant to statute are termed statutory dedications.  Such dedications and their legal effect is controlled wholly by the terms of the statute authorizing

them'' (citing *Hardin v. Ferguson,* 271 Mo. 410, 196 S. W. 746).

Substantial compliance with all mandatory statutory provisions is required. (*Doran v. Graham,* 195 Ill. App. 65; *Lais v. City of Silverton,* 82 Or. 503, 162 Pac. 251; McQuillin on Municipal Corporations, sec. 1540.)

Unacknowledged plat held insufficient. (*Center v. Collier,* 26 Colo. App. 354, 144 Pac. 123; *Rau v. Freund,* 165 Wis. 27, 160 N. W. 1063; *Lemp v. Moran,* 51 Utah, 178, 169 Pac. 459; *University v. City of Watertown,* 150 Wis. 505, 137 N. W. 754.)

The right acquired by user is no broader than the use, and the width and nature of the way is governed by the character and extent of the use. (13 Ruling Case Law, 34, notes 13 and 14, 56, secs. 48, 49 and 58.)

The evidence was insufficient to establish a public highway. (*Juliaetta v. Smith,* 12 Ida. 288, 85 Pac. 923.)

Taking the findings as they stand, they are insufficient to support the judgment upon the ground that a highway was established by mere adverse user. (*Meservey v. Gulliford,* 14 Ida. 133, 93 Pac. 780.)

A dedication could not be established prior to the time of the railroad company's deed by the mere filing of an unacknowledged plat. (*Shaw v. Johnson,* 17 Ida. 687, 107 Pac. 399.)

''Where the rights of individuals have not intervened an offer to dedicate may be revoked before acceptance by the proper public authorities.'' (*City of Los Angeles v. McCollum,* 156 Cal. 148, 103 Pac. 914, 23 L. R. A., N. S., 378; *Myers v. City of Oceanside,* 7 Colo. App. 87, 93 Pac. 686; *Smith v. King County,* 80 Wash. 273, 141 Pac. 695; *City of Miami v. Florida East Coast Ry. Co.,* 79 Fla. 539, 84 So. 726; *Stillman v. City of Olean,* 228 N. Y. 322, 127 N. E. 267; *Beale v. Town of Tacoma Park,* 130 Md. 297, 100 Atl. 379; *Harris v. City of Portland,* 118 Me. 356, 108 Atl. 326; *Mebane v. City of Wynne,* 127 Ark. 364, 192 S. W. 221; *Inyo County v. Given,* 183 Cal. 415, 191 Pac. 688; *Wittson v. Dowen,* 179 N. C. 542, 103 S. E. 18.)

James L. Boone and Walter Griffiths, for Respondents.

The evidence in this case shows a dedication of Eleventh Avenue to the public as a public highway or street. (*Boise City v. Hon,* 14 Ida. 272, 94 Pac. 167; *Hansen v. Proffer,* 23 Ida. 705, 132 Pac. 573.)

"Where the owner of real property makes a plat of it and divides the land into lots and blocks intersected by streets and alleys, and sells any of the lots with reference to such plat, or where he sells with reference to the map of a town or city in which his land is so laid off, he thereby dedicates the streets and alleys to the use of the public." (18 C. J., sec. 43, p. 58; *Pittsburg v. R. Co.,* 263 Pa. 294, 106 Atl. 724; 8 R. C. L., secs. 18, 894; *Eltinge v. Santos,* 171 Cal. 278, Ann. Cas. 1917A, 1143; *City of Florence v. Florence Land & Lumber Co.,* 204 Ala. 175, 85 So. 516.)

"If the owner's acts are such as indicate an intention to appropriate land to public use, then, upon acceptance by the public, the dedication becomes complete." (*City of Venus v. Short Line Beach Land Co.,* 180 Cal. 447, 181 Pac. 658; 37 Cyc., pp. 15, 16, and notes; *Hamp v. Pend d'Oreille County,* 102 Wash. 184, 172 Pac. 869; *Iowa Land & Trust Co. v. Board of Supervisors, Polk Co.,* 187 Iowa, 160, 5 A. L. R. 1532, 1536, 174 N. W. 97; *Apraguc v. White,* 17 Pick. (Mass.) 309; 18 C. J., sec. 132; *Town of Wells v. Sullivan,* 125 Minn. 353, 147 N. W. 244.)

McCARTHY, C. J.—This action is brought by appellant to restrain respondents from trespassing upon appellant's right of way by making excavations, fills and embankments thereon. Respondents defend their acts on the ground that the place at which this work is being done upon appellant's right of way is part of a public street, to wit, Eleventh Street, in the City of Caldwell. They contend that it is a street, first by actual user, and secondly by dedication. From a judgment for respondents this appeal is taken. The several assignments of error may be summed up as follows: (1) the court erred in finding and decreeing that respondents are lawfully entitled without compensation to construct

and improve Eleventh Avenue as a public street or highway over appellant's right of way; (2) the court erred in admitting in evidence, over appellant's objection, two plats which were offered to show a dedication.

Appellant's railroad was built in 1882 and 1883. R. S. 1887, sec. 851, provided that roads laid out and recorded as highways by order of the board of commissioners, and all roads used as such for a period of 5 years, are highways. In 1893 this law was amended so as to read:

"Roads laid out and recorded as highways by order of the Board of Commissioners, and all roads used as such for a period of 5 years, provided the latter shall have been worked and kept up at the expense of the public, or located and recorded by order of the Board of Commissioners, are highways." (Gen. Laws of the Second Session, p. 12; C. S., sec. 1304.)

The court found that, before the construction of appellant's railroad, the portion of its right of way in question was used for foot traffic and continued to be so used up to the commencement of the action. After careful examination of the evidence we conclude that it is insufficient to establish a highway by user. Prior to 1893 the evidence shows only a casual use of the ground in question for foot traffic, not differing in kind or degree from the same use of the railroad right of way at many points where there is no highway. The evidence shows slight, if any, use by vehicles. After 1893, the evidence does not show that the ground in question was used, worked and kept up as a road at public expense, for a period of five years. In fact the findings of the court indicate quite clearly that the decision was based upon a dedication by plat, and upon this it must stand or fall.

On November 27, 1885, a plat was filed with the county recorder showing the ground in question to be part of a street called Bruneau Avenue. This plat is not acknowledged. There is a notation on it that it is recorded in the office of the county recorder by the Idaho and Oregon Land and Improvement Company, by Robert E. Strahorn, vice-

president and general manager. On June 22, 1889, the Idaho and Oregon Land and Improvement Co. deeded Lots 4, 5 and 6 in Block 7, as designated on said plat, to Picard and Roberts. On April 14, 1890, it deeded Lots 7, 8 and 9 in Block 7, as designated on said plat, to Wm. E. Mosely. Block 7 adjoins the street designated on the plat as Bruneau Street, which is now called Eleventh Avenue. As designated on the plat, this street includes that part of appellant's right of way, which is in controversy. Appellant contends there is no direct evidence of the execution of said plat by the Idaho and Oregon Land and Improvement Company. This is true. The lack of such evidence is however supplied by the fact that it subsequently deeded the lots by reference to the plat, which purports on its face to have been filed at its request. This action constituted an adoption and ratification of the plat. On September 22, 1890, the Idaho and Oregon Land and Improvement Co. deeded all of its holdings comprising the Caldwell town site to the Caldwell Real Estate and Water Co., expressly excepting the strip of land 200 feet in width on which appellant had constructed its railroad. On April 15, 1891, the Caldwell Real Estate and Water Co. filed a plat of the town site approved by the town trustees, showing a street crossing the land in question known as Third Avenue East. Appellant's objection to the offer of this plat should have been sustained. It is self-evident that one cannot dedicate land which he does not own. The express exception in its deed prevented that corporation from acquiring any interest in the railroad right of way, and it could not dedicate it. The controlling question in this case is whether the plat of November, 1885, constituted a dedication binding on appellant. In *Boise City v. Hon*, 14 Ida. 272, 94 Pac. 167, this court held:

"Where the owner of land plats the same into lots, blocks, streets and alleys, and files such plat with the proper recorder of deeds, and sells lots therein with reference to such plat, he and his grantees are estopped from revoking the dedication of such streets and alleys.

"A dedication of streets and alleys thus made is irrevocable, and the dedicator and his grantees are precluded from exercising any authority over or setting up any title to the same unless they are abandoned by the public; and that is true whether there has been any formal acceptance of such streets and alleys by the public authorities or not.

"The act of filing or recording such plat or map is sufficient to establish the intent on the part of the owner to make a donation of the same for public use.

"The dedication of said streets was complete, and under such dedication the city, the representative of the public, had the right to take possession of and use them whenever the progress and development of the city should make it necessary to do so."

The judgment of the court below must rest upon a dedication of the street arising out of the filing of this plat, and subsequent sale of lots with reference to it, in accordance with the doctrine of *Boise City v. Hon, supra.* Under that doctrine the filing of the plat of 1885 and the deeding of the lots adjacent to the street in controversy constituted a dedication of the street in general. But the further question arises whether there was a dedication binding on appellant so far as its right of way is concerned. While appellant did not procure a deed to the right of way until 1893, the record shows that its railroad was built and in operation over that right of way in 1882 and 1883, several years before the filing of the plat and the conveyance of lots with reference to it. Appellant was thus in open and notorious possession of the right of way before any rights attached by virtue of the attempted dedication. There can be no more effective means of giving actual notice of a claim to a right of way than the building and operation of a railroad over it. The laying of highways and public crossings over a railroad right of way is an interference with the operation of the railroad, casting additional burdens on those operating it. Obviously if appellant had a valid right of way at the time of the attempted dedication the dedication would not be effective as against it. Appellant has not seen fit to show

how it acquired its right of way in 1882 and 1883. The record does not show whether it relied on a public or private grant. However, in the absence of evidence to the contrary, taking possession of a right of way and building and operating a transcontinental railroad over it support a legitimate inference of the acquisition of a valid right of way, although the right did not ripen into a conveyance until some time thereafter.

"Where possession has been taken of land for a public work, and the work has been constructed upon it, but no compensation has been made for the land, if the company, in taking possession, has acted in good faith, under acquiescence of the owner, or by mistake as to the property or as to the validity of the authority given it so to occupy, and the property is in public use, equity will not permit the company to be disturbed in its possession, provided it make compensation if equity shall so require.

"Where a company has been permitted, by the owner of land, to take possession of it, for the purposes of its railroad, and to occupy it accordingly, and, with the necessary expenditure of money, adapt it to such uses, and has permitted it so to occupy and use it for a long time, the facts are evidence of an agreement that the company shall have the property upon making proper compensation." (*Paterson etc. R. Co. v. Kamlah*, 42 N. J. Eq. 98, 6 Atl. 444.)

The record thus supports the conclusion that appellant had acquired and was using its right of way at least two years before the attempted dedication of the street in 1885. The rights of the public and of individuals arising out of that dedication were acquired subject to appellant's right of way. It follows that respondent was not entitled to build a crossing over appellant's right of way at the point in question by making excavations, fills and embankments thereon, and an injunction should have issued as prayed for.

For the reasons given the judgment is reversed and the case remanded, with instructions to enter judgment for ap-

pellant as outlined in this opinion. Costs awarded to appellant.

Budge, William A. Lee and Wm. E. Lee, JJ., concur.