(May 1, 1913.)

## MARIE HANSON, Appellant, v. AARON J. PROFFER, Respondent.

[132 Pac. 573.]

DEDICATION OF STREET—INTENTION OF DEDICATOR—FILING OF PLAT—SELLING OF LOTS WITH REFERENCE TO PLAT—ACCEPTANCE BY PUBLIC.

1. *Held,* that by the filing of a plat and the selling of lots with reference thereto, the dedicator and grantor is estopped from revoking the dedication of any streets marked thereon.

2. The first essential of a dedication is the intention of the owner of the land to dedicate it, and such intention is usually shown by the plat filed. The contrary intention cannot be shown by something hidden in the mind of the landowner.

3. In the certificate of dedication to said plat it is provided, "We do hereby dedicate to the use of the public forever all the streets and alleys as shown on said plat," and Dora avenue is clearly marked on the plat and appears to be a part of it.

4. As Dora avenue is clearly marked on said plat, if there was an actual intent to reserve and not dedicate it, it certainly should have been made manifest in some manner of equal certainty and of equal publicity as the plat itself.

5. The dedication was complete when the plat was filed in the proper office and lots sold with reference to it.

6. When a dedication of a street is made by filing a plat in the proper office and selling lots with reference to it, the only way the title to said land can revert is by having the same vacated in the manner provided by law.

7. The assessor has no authority to assess streets for taxation, and if he does assess them, such unauthorized assessment and tax sale thereunder would not deprive the public or those who had purchased lots with reference to the plat of such street or highway.

8. There may be dedicated to the public, land for street purposes which is not at the time of dedication in a condition to be traveled by the public.

9. No title can be acquired in public streets by adverse possession.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, District Judge *pro tem.*

Action to quiet title to Dora avenue in Boise City. Judgment for defendant. *Affirmed.*

Harry S. Kessler, for Appellant.

To constitute a statutory dedication the requirements of the statute are mandatory, and must be complied with to make the dedication effective. (*City of Denver v. Clements,* 3 Colo. 472; *City of Leadville v. Coronado Min. Co.,* 37 Colo. 234, 86 Pac. 1034; 9 Am. & Eng. Ency. of Law, 2d ed., 35; *Coe College v. Cedar Rapids,* 120 Iowa, 541, 95 N. W. 267.)

"The vital principle of dedication is the intention to dedicate." (*Smith v. Montgomery,* 3 Ida. 472, 476, 31 Pac. 812; 9 Am. & Eng. Ency. of Law, 2d ed., 60.)

"If possible, some meaning should be ascribed to all lines appearing on the plat, for it is not supposed that any lines are placed there without a purpose." (*City of Duluth v. St. Paul R. Co.,* 49 Minn. 201, 51 N. W. 1163; *City of Noblesville v. Lake Erie etc. R. Co.,* 130 Ind. 1, 29 N. E. 484; *Smith v. Glenn,* 6 Cal. Unrep. 519, 62 Pac. 180, 183; *Mount Vernon v. Young,* 124 Iowa, 517, 100 N. W. 694; *Indianapolis v. Kingsbury,* 101 Ind. 201, 213, 51 Am. Rep. 749.)

Parol testimony is admissible to explain the meaning of such words and marks as may appear on the plat for the purpose of giving such words or marks effect and to show the extent of the dedication intended. (*City of Los Angeles v. McClomum,* 156 Cal. 148, 103 Pac. 914, 23 L. R. A., N. S., 378; *Bidinger v. Bishop,* 76 Ind. 244; *Pittsburg etc. R. Co. v. Noftsger,* 148 Ind. 101, 47 N. E. 332; *Goodfellow v. Riggs,* 88 Iowa, 540, 55 N. W. 319; *City of Chicago v. Chicago R. I. etc. Ry. Co.,* 152 Ill. 561, 38 N. E. 768.)

It cannot be maintained that the public ever acquired any rights to the alleged Dora avenue by user. (*Smith v. Glenn,* 6 Cal. Unrep. 519, 62 Pac. 180; *Wilson v. Lakeview Land Co.,* 143 Ala. 291, 39 So. 303.)

R. L. Givens, Charles E. Winsted and Harry Keyser, for Respondent.

In the certificate of dedication there is no reservation or exception of this land marked Dora avenue. There is nothing

on the plat which would give notice of any kind of any intention on the part of the dedicators to reserve this land. (*Rhodes v. Town of Brightwood,* 145 Ind. 21, 43 N. E. 942.)

The mere failure to designate the width is not sufficient to overcome a valid dedication, provided the other elements of dedication are complete. (*Coe College v. City of Cedar Rapids* (Iowa), 87 N. W. 444.)

When Mr. Proffer purchased lots in said addition, according to the description of said plat, there was a sufficient acceptance by the public to place the disposition of the entire addition, as far as streets and alleys are concerned, beyond the control of the grantors therein, except in the methods provided by law for the vacation of streets within the boundaries covered by said plat. (*City of Denver v. Clements,* 3 Colo. 484; *Boise City v. Hon,* 14 Ida. 278, 94 Pac. 167; Elliott, Roads and Streets, 2d ed., sec. 117; 13 Cyc. 455 et seq.; Abbott's Mun. Corp., secs. 729, 730; *Cemetery Association v. Meninger,* 14 Kan. 312; *Price v. Stratton,* 45 Fla. 535, 33 So. 644; *Collins v. Asheville Land Co.,* 128 N. C. 563, 83 Am. St. 720, 39 S. E. 21; *San Francisco v. Burr,* 4 Cal. Unrep. 634, 36 Pac. 771; *Highland Realty Co. v. Avondale Land Co* (Ala.), 56 So. 716.)

Appellant acquired no title by adverse possession by the payment of taxes upon this land designated as Dora avenue for five consecutive years subsequent to the dedication. (*Boise City v. Hon, supra; Thorpe v. Clanton* (Ariz.), 85 Pac. 1061.)

"Where the land dedicated for street purposes has been little used by the public because it is rough and hilly, therefore incapable of use, dedication will be presumed by law to have contemplated this state of things and to have imposed no condition on the public to use the street until the public wants demand and secure its improvement." (*Shea v. City of Ottumwa,* 67 Iowa, 39, 24 N. W. 582; Elliott, Roads and Streets, 2d ed., 119.)

The presumption is that when the grantor records a plat and marks upon it spaces that appear to form no part of any platted lots, he dedicates the land represented by the spaces

thus excluded to the public use. (*Archer v. Salinas City*, 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145.)

"No one can acquire by adverse occupation, as against the public, the right to a street or square dedicated to public use." (*Hoadley v. San Francisco*, 50 Cal. 265; *Yates v. Town of Warrenton*, 84 Va. 337, 10 Am. St. 860, 4 S. E. 818; *Board of Supervisors v. Seal*, 66 Miss. 129, 14 Am. St. 545, 5 So. 622, 3 L. R. A. 659.)

SULLIVAN, J.—This is an action to quiet title to what is designated as a part of Dora avenue, situated along the northerly side of Vaughan's Addition to Boise City, it being a tract of land beginning at the northwest corner of block 3 of said addition, running thence north sixty feet, thence east 131 feet, thence south sixty feet, thence west 131 feet to the point of beginning.

The cause was tried to the court and judgment was entered in favor of the respondent Proffer, and the plaintiff appeals.

The following facts appear from the record: Prior to September 22, 1898, Dora C. Vaughan and her husband were the owners of fifteen acres of land situated in sec. 34, township 4 north, range 2 east, B. M., and on that day they platted the south 8.18 acres of land as Vaughan's Addition to Boise City, and dedicated to the public the streets and alleys appearing on said plat, and filed said plat with the recorder of Ada county. The plat was thereafter entered in the official book of plats of said county. Said addition comprises four blocks, numbered from 1 to 4, respectively, and 19th street appears as running north and south in said addition, with blocks 1 and 4 on the east, and 2 and 3 on the west side thereof. The plat shows that the strip of land in controversy appears on the plat as Dora avenue, and lies north of and adjoining block 3. A line appears on said plat across 19th street at its intersection with Dora avenue. No width is designated on said avenue, but the dimensions of other streets and alleys appear on the plat. The plaintiff claims ownership by virtue of a deed from Dora C. Vaughan and George H. Vaughan, her husband, and the defendants, who are respondents, are

all owners of several lots in said addition. At the time said addition was platted, and at the beginning of this action, the tract included was not within the corporate limits of Boise City.

It is alleged in the complaint that said tract represented as Dora avenue was not dedicated as a public street by the filing of said plat, nor at any other time, and that it was not the intention of plaintiff's grantors to so dedicate said premises; that the alleged dedication was not accepted and never has been accepted by the public as a street or highway; that the plaintiff and her grantors have been in the quiet, peaceable possession of said premises for more than five years last past, and said possession has been open, notorious and adverse to the defendants and each of them; that plaintiff and her grantors have paid all of the taxes for more than five years last past and have made certain permanent improvements on said premises; that when the Vaughans platted said addition it was not their intention to dedicate said avenue to the public as a street; that the plat shows a line drawn across the north end of 19th street where it intersects said Dora avenue, and that said line was drawn on the plat in the presence of the Vaughans before the filing thereof and under their express direction.

All of the defendants defaulted except Aaron J. Proffer who filed an answer and cross-complaint. By the answer he denies all of the material allegations of the complaint and in his cross-complaint sets up the certificate of dedication made by the said Vaughans, and alleges that he is the owner of certain lots in Vaughan's Addition adjacent to said Dora avenue, and that plaintiff has attempted to exercise dominion over said avenue, and prays that the court decree that said avenue be a public street and that plaintiff be enjoined from interfering with and putting any buildings upon said premises.

Upon the issues thus made the trial was had. The plaintiff introduced her deed and the original plat of Vaughan's Addition, and thereupon offered to show that when the Vaughans went to the office of their attorney to execute the

dedication of said addition, they saw that said avenue appeared on the plat, and thereupon notified their attorney that they did not desire to dedicate said Dora avenue to the public, and their attorney advised them that the plat would be corrected without redrawing it, and that a line was then drawn by the attorney across the end of 19th street where it abutted against said avenue, for the purpose of indicating that that was the end of 19th street, and that Dora avenue was not intended to be dedicated as a street, and to show that it was not the intention of the Vaughans to dedicate that portion of the plat designated thereon as Dora avenue, which offer was rejected by the court and said offered evidence held irrelevant and incompetent.

The evidence on the part of the plaintiff shows that at about the time said plat was filed with the county recorder the Vaughans built a fence along the north line of said lots 3 and 4, inclosing by said fence the land included in said Dora avenue as indicated on said plat, with other land of the Vaughans, and that said land has remained inclosed approximately all of the time since the plat was filed in 1898. This, however, is denied by the evidence of the respondent. The respondent Proffer purchased lots 1 to 9 in block 3 of said addition on October 6, 1904, from the Vaughans, and the appellant on the trial offered to show that shortly after Proffer purchased said lots, which lots joined on the south the land designated as Dora avenue, the respondent Proffer had a conversation with the appellant in which he expressed a wish to purchase the ground covered by what was platted as Dora avenue. The evidence shows that said avenue had been inclosed by a fence on the north end of 19th street a part of the time, and that an irrigating ditch about twelve feet wide and a creek ran through it, making it impossible for the same to be used as a public highway for vehicles, but that people on foot and on horseback and stock traveled over it. Vaughan testified that he had paid all taxes on said Dora avenue since the time of filing said plat and offered in evidence certain tax receipts.

Upon the evidence the court made its findings of fact and conclusions of law and entered judgment in favor of the respondent, refusing to quiet title in the plaintiff and adjudging that said Dora avenue was. a public street or highway. The appeal is from the judgment.

A number of errors are assigned but the question directly presented for determination is whether under the evidence and the law the court erred in holding that said Dora avenue was a public street or highway.

It is contended by appellant that the finding of the court to the effect that Dora avenue was dedicated as a street by the filing of the plat of Vaughan's Addition is not supported by the evidence, for the reason, first, that the breadth of Dora avenue is not indicated on said plat as required by statute, and, second, that there is a line drawn across the end of 19th street where it intersects Dora avenue. We do not think there is anything in those contentions, since the evidence shows that the Vaughans sold lots with reference to the plat filed, and the plat filed shows Dora avenue and also Dewey avenue, and Dewey avenue is indicated as sixty feet in width, and according to measurements, apparently by the scale on which the plat was drawn, Dora avenue is of the same width as Dewey avenue. Simply drawing a line across the end of said street would not express to the mind of a person examining said plat the fact that Dora avenue, which appeared clearly on said plat, was not intended to be dedicated as a street.

We recognize the fact that the first essential of a valid dedication is an intention to do so on the part of the owner, but the intention to which the court gives heed is not an intention hidden in the mind of the land owner, but an intention manifested by his acts. The acts of the owner were clearly indicated by the plat, and to permit an owner to file a plat clearly showing the streets thereon, and then to evade such dedication by drawing a line across one of the streets from one block to another, would be to permit him to perpetrate a fraud upon the purchasers of lots included in such plat.

Opinion of the Court—Sullivan, J.

We here set forth a copy of said plat, and we do not believe that one person in a thousand, in an examination of said map, without any further information, would think for a moment that Dora avenue was not intended to be dedicated as a street. The certificate of dedication reads as follows:

"KNOW ALL MEN BY THESE PRESENTS: That we, George H. Vaughan and Dora C. Vaughan, husband and wife, of Boise City, County of Ada, State of Idaho, are the owners in fee simple of the following real estate situate in the county of Ada, State of Idaho, to wit:

"All of Block 1, 2, 3 and 4, including streets and alleys. We do hereby certify that said land has been platted and that we hereby lay out and plat said land as 'Vaughan's Addition to Boise City, Idaho,' as shown by the attached plat covering said land, and we do hereby dedicate to the use of the public forever all the streets and alleys as shown on said plat.

"IN WITNESS WHEREOF We have hereunto set our hands and seals this 22nd day of September, 1898.

"GEORGE H. VAUGHAN and
"DORA C. VAUGHAN."

It will be observed that the Vaughans certified that said land had been platted and that "we hereby lay out and plat said land as 'Vaughan's Addition to Boise City, Idaho,' as shown by the attached plat covering said land, and we do hereby dedicate to the use of the public forever all the streets and alleys as shown on said plat." Dora avenue is as clearly shown on said plat as Dewey avenue, and if they did not intend to dedicate Dora avenue, it ought to have been erased from said plat and not left on there as though it were a street intended to be dedicated to the use of the public. It would have been an easy matter for them to erase the words "Dora avenue" and red-line or otherwise clearly indicate on said plat that it was not the intention to dedicate it to the public. Simply drawing a line across 19th street and leaving Dora avenue plainly marked on said map as a street cannot revoke or change the dedication of Dora avenue to the public. Whatever may have been intended by that line in the minds of the

dedicators, it can have no effect in law when the rights of third parties have intervened and where acts and deeds plainly indicate an intention to dedicate.

The plat shows on its face that Dora avenue, if cut off from 19th street, was still accessible from 18th street on the easterly side of the blocks dedicated. There is absolutely nothing on the face of the plat nor in the dedication thereof to give notice to prospective purchasers that there is any defect in the dedication of the land marked as Dora avenue.

In the case of *City of Denver v. Clements,* 3 Colo. 484, the court, among other things, said:

"If there exist an *actual* intent to reserve any portion of the lands so platted into streets, otherwise than by express reservation on the plat, certainly it should be made manifest in some manner not only of equal certainty, but of equal publicity as the plat, otherwise an *actual intent* cannot be permitted to avail against an intent on which the law will and must insist, as being shown by unequivocal acts upon which the public had a right to rely."

This court held in the case of *Boise City v. Hon,* 14 Ida. 272, 94 Pac. 167, that "the dedication was complete when Arnold platted said land and filed a plat for record and sold lots with reference to said plat." (See, also, Elliott on Roads and Streets, 2d ed., secs. 17 and 18; 13 Cyc., p. 455; Abbott's Municipal Corporations, secs. 729, 730.)

Appellant in his brief calls attention to the case of *Mt. Vernon v. Young,* 124 Iowa, 517, 100 N. W. 694. In that case the name of the street was erased on the plat and, in addition, lines were drawn closing the street all around. There the intention to except or reserve the street from dedication was evident. In the case at bar it is at most a mere matter of conjecture, dependent upon the hidden intention in the minds of the dedicators.

Appellant contends that there was a fence at the intersection of 19th street and Dora avenue, which showed the intention of the dedicators to retain the possession of the premises marked "Dora avenue." There is a conflict in regard to the maintenance of the fence, but conceding there

was a fence, a person cannot make a dedication to the public and sell lots with reference thereto and defeat the dedication by keeping the tract fenced.

In the case of *Boise City v. Hon, supra,* it is stated in the first paragraph of the syllabus as follows:

"Where the owner of land plats the same into lots, blocks, streets and alleys, and files such plat with the proper recorder of deeds, and sells lots therein with reference to such plat, he and his grantees are estopped from revoking the dedication of such streets and alleys."

The authorities seem to be clear to the effect that after the dedication by filing a plat showing streets and alleys, such dedication estops the owner of land dedicated and the grantors of the original dedication from setting up any right, title or interest in or to the land designated as streets or alleys, and the only way that the title to such land can revert is by having the same vacated in a manner and method provided by law.

Appellant contends that she had title by adverse possession. She attempted to show that she had paid taxes upon the land designated as Dora avenue for five consecutive years. In reply to that contention we would cite *Boise City v. Hon, supra,* where the court said:

"Certain evidence was admitted as to the payment of taxes on the property in controversy by Hon and his predecessors. . . . . This evidence was clearly error. The assessor and tax collector had no authority to assess streets and alleys or any public property exempt from taxation, and such unauthorized acts would not deprive the public or those who had purchased lots with reference to the plat of the rights which they had previously acquired by reason of the dedication."

Where a dedication has been made, whether under the statute or under the common law, and accepted by the public, it becomes irrevocable. (See *Morgan v. Chicago & Alton R. R. Co.,* 96 U. S. 716, 24 L. ed. 743.)

Some stress is laid on the fact that an irrigation ditch crosses Dora avenue, which makes it impracticable for vehicles to travel thereon. If that be a fact, it is immaterial. There

is no attempt in this case to establish a highway by prescriptive right or by user, and one can dedicate land as a street or an alley that cannot be traveled in any manner until the proper authorities work it or prepare it for travel. It was held in *Boise City v. Hon, supra,* that ''The dedication of said streets was complete, and under such dedication the city, the representative of the public, had the right to take possession of and use them whenever the progress and development of the city should make it necessary to do so.'' (See, also, *Shea v. City of Ottumwa,* 67 Iowa, 39, 24 N. W. 582.)

The presumption is that when the grantor records the plat and marks upon it spaces that appear to form no part of any platted lots, he dedicates to the public use the land thus represented by the spaces thus excluded. (See *Archer v. Salinas City,* 93 Cal. 43, 28 Pac. 839, 16 L. R. A. 145.) And it is a well-established proposition that no title can be acquired in public streets by adverse possession.

We have examined the other errors assigned with considerable care and conclude that there is no reversible error shown by the record. The judgment must therefore be affirmed, and it is so ordered, with costs in favor of the respondent.

Ailshie, C. J., and Stewart, J., concur.