[Civ. No. 3717. First Appellate District, Division Two.—April 29, 1921.]

## A. FERROGGIARO, Respondent, v. BOARD OF PUBLIC WORKS et al., Appellants.

[1] STREETS—IMPLIED DEDICATION—FILING OF MAP.—The mere filing for record by the owner of a tract of land of a map thereof delineating certain streets thereon is not sufficient to constitute an implied dedication of the streets to the public, but a sale of lots in accordance with the map is necessary.

[2] ID.—ABANDONMENT OF STREET—FIVE-YEAR PERIOD OF NONUSER.—Failure to use a street as such for a period of five years worked an abandonment under the provisions of section 2620 of the Political Code until its repeal in 1883.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

George Lull, City Attorney, D. S. O'Brien and Chas. S. Peery, Assistant City Attorneys, for Appellants.

Devoto, Richardson & Devoto for Respondent.

NOURSE, J.—Plaintiff instituted this proceeding against the board of public works of the city and county of San Francisco, and the members thereof, and the city and county of San Francisco, a municipal corporation, to restrain them from interfering with his possession of a certain strip of land situated in said city and county and appearing upon the map thereof as portions of Keith Street and Egbert Avenue. The complaint alleges that plaintiff is the owner of a lot of land which is described therein by metes and bounds, being bounded in part by the two streets in question, and referring to a map of the Bay View Homestead Association alleged to have been filed in the office of the county recorder of the city and county of San Francisco June 19, 1872. As to that portion

1. Reservation of land on maps or plat for specified purpose as dedication to public, notes, 10 Am. St. Rep. 189; Ann. Cas. 1916D, 1079.

of the land designated upon the map as Keith Street and Egbert Avenue, it is alleged that plaintiff is the owner in fee and that he has been in the open, notorious, and continuous possession thereof through himself and his predecessors for a period of fifty years last past. A windmill and some outhouses are alleged to have been constructed and maintained on those portions of the land designated as streets during all the period of plaintiff's possession, and the injunction was sought to restrain the defendants from removing these structures. The defendants answered, alleging, among other things, that the portions of said streets in controversy are parts of open and public streets of the city and county of San Francisco, duly dedicated and accepted as such. The court found that the land upon which the structures were erected was a part of what was designated on the map of the city and county of San Francisco as Keith Street and Egbert Avenue, and that said streets were never dedicated as public streets and never accepted or used as such by the city and county of San Francisco or the public thereof. The court also found that plaintiff had been in the open, notorious, and continuous possession of said property for a period of fifty-four years last past and that during said period the plaintiff and his predecessors had occupied and used said premises and maintained thereon the outhouses and the windmill which the defendants were endeavoring to remove. From the judgment in favor of the plaintiff which followed these findings the defendants appeal.

During the course of the trial defendants offered in evidence certain pages of a map-book from files of the county recorder containing what purported to be copies of a map of the Bay View Tract filed for record on May 23, 1867, and of the map of the Bay View Homestead Association filed for record June 17, 1872. Plaintiff's objection to the introduction of this evidence on the ground that a proper foundation had not been laid was sustained by the court. Thereupon defendants rested. It is now urged that the court erred in refusing to admit the map-book in evidence, but even if error occurred it would not avail the defendants anything because the judgment must be affirmed upon the record. The trial court having found that the streets marked upon the map of the city and county as Keith

Street and Egbert Avenue were never dedicated as public streets and never accepted or used as such, it is immaterial that they appeared as public streets upon the map filed in 1867 or upon the map filed in 1872.

[1] Appellants' case rests upon the proposition that dedication to the public is complete when the owner of a tract of land files a map thereof for record delineating certain streets thereon and thereafter sells lots in accordance with said map. In support of the proposition reliance is had upon such cases as *Davidow* v. *Griswold*, 23 Cal. App. 188, 192, [137 Pac. 619]; *San Leandro* v. *Le Breton*, 72 Cal. 170, 175, [13 Pac. 405]; *Berton* v. *All Persons*, 176 Cal. 610, 615, [170 Pac. 151]. No quarrel is had with this proposition as an established rule of law in this state, but the record here does not bring appellants' case within the rule. The only evidence of any sales having been made in accordance with the map filed is that of Gilmore to Gibbs some time after May 30, 1872. So far as the record shows, no evidence of any other conveyance was offered to prove dedication or acceptance of these particular streets. Respondent rested upon the showing that the streets had never been used as such during the fifty-four years of his occupancy. No attempt was made by appellants to show formal dedication or acceptance. Appellants relied solely upon the filing of the maps of 1867 and 1872 as evidence of implied dedication.

[2] But even if this was a sufficient dedication at the times when the maps were filed, failure to use the streets as such for a period of five years worked an abandonment under the provisions of section 2620 of the Political Code, which was in force until its repeal in 1883. Thus, while this statute was the law of the state, applicable in the city and county of San Francisco as elsewhere, a five-year period of nonuser worked an abandonment of the street, and respondent having been in the adverse possession of the land during that period and continuously thereafter, as the trial court found, the judgment must be affirmed.

Sturtevant, J., and Langdon, P. J., concurred.