499 P.2d 326

**BOISE CITY, a municipal corporation of the State of Idaho By and Through its Mayor, Jay S. AMYX, et al., Plaintiffs-Appellants,**

v.

**Mabel C. FAILS, a widow and Charles R. Parks and Joan E. Parks, husband and wife, Defendants-Respondents.**

No. 10926.

Supreme Court of Idaho.

July 14, 1972.

Elbert E. Gass, Boise, for plaintiffs-appellants.

Z. Reed Millar, Boise, for Fails.

William C. Roden, Boise, for Parks.

McFADDEN, Justice.

Plaintiff Boise City instituted this action against Mabel C. Fails, defendant, who was the record owner of the property involved herein, and also against Charles R. Parks and his wife, Joan E. Parks, contract purchasers of the Fails property. The city sought by the action to enjoin the respondents from encroaching on and obstructing Illinois street (formerly designated as Ash street). Summary judgments were sought by both the appellant city and also by the respondents. Summary judgment was entered for respondents from which judgment the city appealed.

The facts are virtually without dispute and the sole issue before this Court is whether the provisions of I.C. § 40–104[1] as it read prior to amendment in 1963 are applicable under the facts of this case.

Briefly, the record discloses that in 1902 one Joseph H. Gallaher subdivided a tract of land into lots, blocks and streets, designating the tract as "Rosedale, Gallaher's subdivision, Second Filing," which plat was filed in the office of the county recorder on April 28, 1902. Ash street was designated as one of the streets in the subdivision. Later at some undisclosed time, the name of Ash street was changed to "Illi-

---

1. "I.C. § 40–104.—Abandonment of highways.—A road not worked or used for the period of five years ceases to be a highway for any purpose whatever."

S.L.1963, Ch. 6, p. 17, amended I.C. § 40–104 to read:

"Abandonment of Highways.—A road established by prescription and not worked or used for the period of five years ceases to be a highway for any purpose whatever."

S.L.1963, Ch. 267, § 1, p. 680, further amended this section in particulars not pertinent here.

nois Street," which is the street involved in this action.

▮ Subsequent to the filing of the plat, Gallaher sold lots to a number of individuals describing the property in the various conveyances by lot and block number as referred to in the plat. Sales of such lots by reference to lot and block following recording of a plat constitutes a dedication of the streets and alleys to public use. I.C. § 50–1309 (1967 act); I.C. § 50–2505 (prior to 1967 amendment, first enacted S. L. 1893, p. 97, § 93 at p. 127, now I.C. § 50–1312); Boise City v. Hon, 14 Idaho 272, 94 P. 167 (1908); Shaw v. Johnston, 17 Idaho 676, 107 P. 399 (1910); Hanson v. Proffer, 23 Idaho 705, 132 P. 573 (1913); Smylie v. Pearsall, 93 Idaho 188, 457 P.2d 427 (1969).

Respondent Mabel C. Fails is the record owner of the land encompassed in Block 7 of the subdivision, which lies south of Pennsylvania avenue and north of Iowa avenue. The street just to the west of Block 7 is Illinois street. A number of years ago Mrs. Fails and her husband, now deceased, after purchasing the land, constructed a dwelling and located it so that it encroached upon the areas dedicated as Illinois street. Further, the Fails agreed with their neighbor on a boundary line between their property and the land in Block 8 immediately to the west. The Fails constructed a fence along the boundary (in the middle of Illinois street) and planted trees alongside the fence.

In 1968 Mrs. Fails, after her deceased husband's estate was probated and decreed to her, entered into an agreement with respondents Mr. and Mrs. Parks, and executed a warranty deed, describing the property involved by metes and bounds, which description encompasses the westerly fifty feet of lots 1, 2, 3 and 4 of Block 7, together with the easterly 30 feet of Illinois

street, adjacent to and along the four listed lots of Block 7.

Illinois street has never been opened or worked by the county or by the city. In 1964 by Ordinance No. 2688, the appellant Boise City annexed the property encompassed in the subdivision to the City.

The appellant contends that the provisions of I.C. § 40–104 are inapplicable to streets dedicated by the filing of a subdivision plat. The respondents assert that this statutory provision is controlling of the case here. Respondents contend that the easterly half of Illinois street, which has not been "worked or used for the period of five years" is no longer a "highway" for any purpose whatever, and hence they are the owners of the easterly thirty feet of Illinois street as platted adjoining lots 1 through 4 of Block 7. Respondents cite cases from California, Utah and Washington wherein statutes either the same or comparable to I.C. § 40–104 were interpreted in accordance with their views. Among the cases cited are: Sowadzki v. Salt Lake County, 36 Utah 127, 104 P. 111 (1909); Howell v. King County, 16 Wash.2d 557, 134 P.2d 80 (1943), relying in part on Murphy v. King County, 45 Wash. 587, 88 P. 1115 (1907); Myers v. Daubenbiss, 84 Cal. 1, 23 P. 1027 (1890); Ferroggiaro v. Board of Pub. Works, 52 Cal.App. 393, 198 P. 810 (1921). Respondents further contend that the legislature by amending the statute in 1963 intended to make a change in the statutory provision, and by the 1963 amendment limiting the applicability of the statute to "a road established by prescription and not worked or used for the period of five years" the legislature recognized the prior applicability of the statute to streets laid out in subdivision plats. .

Solution to the issue presented here is to be found in consideration of the historical development of I.C. § 40–104,[2] as well as

---

2. The progenitor of I.C. § 40–104 is to be found in the Territorial Session Laws. The 11th Territorial Session in 1880–1881 adopted an act entitled:

"AN ACT
"Regulating Roads, Highways and Public Thoroughfares in Idaho Territory." (Approved Feb. 1, 1881)

the development of the statutes pertaining to the filing of subdivision plats.[3] It is our conclusion that both of these areas of statutory law are interrelated.

Section 1 of this act provided:

"All public highways, roads, streets, and thoroughfares, which are or have been used as such at any time within two years prior to the passage of an act entitled, 'An Act concerning roads, trails, and public thoroughfares,' approved January 12th, 1875, or which may hereafter be declared such by the board of County Commissioners within their respective counties, shall be considered county roads. All roads or highways laid out or now traveled, or which have been commonly used by the public, including such as have been wrongfully closed at any time since January 12, 1873, in the several counties of this Territory, are hereby declared county roads; excepting, however, roads and highways upon which franchises have heretofore been granted, so long as the franchise of any such road shall remain in full force and effect." (11th Session, p. 277.)

Succeeding sections of this act provide for petitions for locating, altering and laying out of county roads, and the procedures to be used in that regard.

The 13th Territorial Session in 1884–85 amended the act of the 11th Session approved on February 1, 1881, and for the first time brought into the act a requirement that a road be actually opened for it to be considered as a road or highway. This act (13th Session, p. 162) amended section 1 of the 1881 act to read:

"Section 1. All roads and highways that have been or that may hereafter be declared such by any Board of County Commissioners, and all roads and highways heretofore declared to be such by legislative enactment, and that are now open and used as such by the public, shall be considered county roads; *provided*, that this section shall not apply to any road heretofore established by any Board of County Commissioners, but which shall not have been opened for four years thereafter as required by law."

This remained the law until 1887, when the 14th Session of the Territorial Legislature enacted the Revised Statutes of Idaho. Therein, for the first time appears the language contained in I.C. § 40–104 prior to the 1963 amendment. The Revised Statutes of 1887 provided:

"Section 850. Highways are roads, streets or alleys, and bridges, laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public.

Section 851. Roads laid out and recorded as highways, by order of the Board of Commissioners, and all roads used as such for a period of five years, are highways. Whenever any corporation owning a toll bridge or a turnpike, plank or common wagon road is dissolved, or discontinues the road or bridge, or has expired by limitation, the bridge or road becomes a highway.

Section 852. A road not worked or used for the period of five years ceases to be a highway for any purpose whatever."

What was initially Rev. Statutes § 850 remained the law until it was repealed by S.L.1950 (1st E.S.), Ch. 87, § 24, p. 117. Rev. Statutes 851 was amended by S.L.1893, p. 12, § 1, to read as follows:

"Section 851. Roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five years, *provided the latter shall have been worked and kept up at the expense of the public or located and recorded by order of the board of commissioners,* are highways. Whenever any corporation owning a toll-bridge, or a turnpike, plank, or common wagon road is dissolved or discontinues the road or bridge, or has expired by limitation, the bridge or road becomes a highway."

(Amended portion underscored.)

This provision has remained the same to date. I.C. § 40–103.

Rev.Stat. Sec. 852 remained the same as it was initially enacted until its amendment in 1963.

3. In 1893, the second session of the state legislature enacted a comprehensive statute providing for the organization, government and powers of cities and villages. (S.L.1893, p. 97.) As Section 91 of that act, provision was made for the filing of plats for a city or village, "any addition thereto, or any part thereof or *suburban lots*." (Emphasis added.) Section 92 provided for the certification of the plat and acknowledgment of the owner's or proprietor's signature. Section 93 provided:

"The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use; * * *." S.L.1893, p. 127.

It is our further conclusion that the cases cited by respondents from other jurisdictions, *supra*, are not pertinent here for the reasons set out herein.

The review of the statutory provisions is essential to bring into focus the state of the law at the time the "Rosedale, Gallaher's Subdivision, Second Filing" was recorded with the county recorder of Ada County. To appreciate the statutory pattern and legislative purpose one must first consider the conditions prevailing in the territory of Idaho at the time of the enactment of the progenitor of I.C. § 40–104 and the various platting statutes. The state was sparsely populated, roads as we know them today were few, the number of actual villages, towns and cities were few, and the streets in such settlements somewhat primitive. In 1887 when I.C. § 40–104 was first enacted the situation was but little changed. Highways, as defined, were originally in many instances merely paths or trails that by use had been expanded to the point where they could be recognized as roads. If the constituted authority decided to lay out a road, and if it was not used for a period of time, the statutes originally provided it could not be considered as a road or highway unless it had been opened within four years. Later this was changed to put the thrust the other way, i. e. if a road was laid out, or actually used for five years, it was recognized as being a

Section 94 provided:

"Streets and alleys laid out in any addition to any city or village shall be continuous with and correspond in directions and width to the streets and alleys of the city or village to which they are an addition." S.L. 1893, p. 127. Section 95 provided for the vacation of the plat and the method of accomplishing the same.

Sections 96 and 97 provided the effect of vacation of any plat and read:

"Section 96. Any part of a plat may be vacated under the provisions and subject to the conditions of this chapter; *Provided*, Such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat; and *Provided, further, That nothing contained in this section shall authorize the closing or obstruction of any public highways laid out according to law.*" (Emphasis added to last sentence.) S.L.1893, p. 127.

"Section 97. When any part of a plat shall be vacated as aforesaid, the proprietors of the lots so vacated may enclose the street, alleys and public grounds adjoining said lots in equal proportions." S.L.1893, p. 127.

As a part of this act of 1893, dealing with the government of cities and villages, it was provided that in addition to other duties the cities and villages may enact ordinances

"to open, widen, or otherwise improve or *vacate* any street, avenue, alley or lane within the limits of the city or village * * *." Sec. 69, subd. 27th. (S.L.1893, p. 117) (Emphasis added.)

In 1899 the legislature re-enacted the 1893 statute, making some changes not material here, other than to change the numbers of certain of the sections. In 1901, the legislature amended the newly numbered sections 95 and 96 (formerly Secs. 91 and 92), but did not change the provision concerning vacation of a plat (Secs. 95, 96 and 97 of S.L.1893, p. 97— renumbered as Secs. 99, 100 and 101 of S.L.1899, p. 192). That amendment of former Section 91, *supra*, was the authority for the recording of the subdivision involved here. S.L. 1901, p. 183 read:

"Section 95.

"Owner to Make and File Plat: When any owner or proprietor of any tract or parcel of land, wishes to lay out a town site or an addition to any town, village or city or *subdivision of out lots*, they shall cause the same to be surveyed and a plat thereof made, which shall particularly and accurately describe and set forth all the streets, alleys, commons or public grounds and all in and out lots or fractional lots within, adjoining or adjacent to said town site or addition, giving the name of streets and width, boundaries and extent of all streets and alleys and courses of certain lines sufficient to determine the cause [sic] of all streets and alleys and lot lines. * * * *" (Emphasis added.)

In 1961 the legislature repealed I.C. §§ 50–2507, 50–2508 and 50–2509 (previously designated Secs. 99, 100 and 101 when enacted in 1899). In 1967 the legislature enacted new provisions concerning the vacation of plats, S.L.1967, Ch. 429, § 42, dealing with vacation of city streets (I.C. § 50–311), and § 235 et seq. (I.C. § 50–1317 et seq.) dealing with plats in unincorporated areas and in cities not exercising their corporate functions.

highway, but under the statute failure to use it for a period of five years terminated it as a highway for any purpose.

Shortly after statehood, the legislature in 1893 enacted a comprehensive statute providing for the organization, government and powers of cities and villages. As a part of this act, the legislature provided a statute dealing with the filing of townsite and subdivision plats. This comprehensive plan envisioned the creation of many new towns and villages and the expansion of the municipal boundaries of existing cities and villages through the annexing of platted grounds which were nearby (referred to as "out lots" or "suburban lots," meaning outside the city limits) or adjacent (referred to as "additions to"). Control over the streets and alleys of such platted properties was vested in the municipal authorities, if a part of a city or in the boards of county commissioners, if the platted properties were outside the corporate municipal limits. It should be emphasized that from the outset the law dealing with these platted grounds, as well as the statutes governing the authority and power of the commissioners, provided means for the vacation of any of the streets and alleys, as well as the vacating of the plats or parts thereof.

■ Since early times this Court has deemed those statutes relating to such duly recorded plats as providing the exclusive

procedure for vacating streets dedicated pursuant to such plats. For example, in Hanson v. Proffer, 23 Idaho 705, 132 P. 573 (1913), this Court quoted the following from Boise City v. Hon, 14 Idaho 272, 94 P. 167 (1908):

"'Where the owner of land plats the same into lots, blocks, streets, and alleys, and files such plat with the proper recorder of deeds, and sells lots therein with reference to such plat, he and his grantees are estopped from revoking the dedication of such streets and alleys.'" 23 Idaho at 715, 132 P. at 576.

The opinion then continued in language applicable to this case.

"The authorities seem to be clear to the effect that, after the dedication by filing of a plat showing streets and alleys, such dedication estops the owner of land dedicated and the grantors of the original dedication from setting up any right, title, or interest in or to the land designated as streets or alleys, and the only way that the title to such land can revert is by having the same vacated in a manner and method provided by law." 23 Idaho at 715, 132 P. at 576.

Even though what is now I.C. § 40–104 was not mentioned in the opinion of Hanson v. Proffer, *supra*, nonetheless it was part of the statutory law of this state at the time of that opinion.[4]

4. Examination of the original Hanson v. Proffer record in this Court has shown that the statute (I.C. § 40–104) was expressly made a part of appellant Hanson's argument that the street (Dora Avenue), which was the subject of the lawsuit, was never opened and thus never "accepted" by the county of Ada as representative of the public. In fact, appellant in her brief pointed to the existence of an irrigation ditch which crossed the street making vehicular traffic impossible. The Court was unimpressed with this line of argument, replying that the fact the street was not fit for traffic was "immaterial." The Court's thoughts in 1913 offered on this part of appellant's argument bear repeating now:

"Some stress is laid on the fact that an irrigation ditch crosses Dora avenue which makes it impracticable for vehicles to travel thereon. If that be a fact, it is immaterial. There is no attempt in this case to establish a highway by prescriptive right or by user, and one can dedicate land as a street or an alley that cannot be traveled in any manner until the proper authorities work it or prepare it for travel. It was held in Boise City v. Hon, *supra*, that 'the dedication of said streets was complete, and under such dedication the city, the representative of the public, had the right to take possession of and use them whenever the progress and development of the city should make it necessary to do so. * * *'" 23 Idaho at 715–716, 132 P. at 576.

In the same vein this Court has stringently held to the theory that the governing bodies (cities, counties or the state) have broad authority over use of the streets and highways, and may in proper cases remove and prevent anything which is an encroachment upon or interferes with the use of a street or highway. Rief v. Mountain States Tel. & Tel. Co., 63 Idaho 418, 120 P.2d 823 (1941); Yellow Cab Taxi Service v. City of Twin Falls, 68 Idaho 145, 190 P.2d 681 (1948); Boise City v. Sinsel, 72 Idaho 329, 241 P.2d 173 (1952); Village of Lapwai v. Alligier, 78 Idaho 124, 299 P.2d 475 (1956); Rich v. Burdick, 83 Idaho 335, 362 P.2d 1088 (1961); Bare v. Dept. of Highways, 88 Idaho 467, 401 P.2d 552 (1965); Snyder v. State, 92 Idaho 175, 438 P.2d 920 (1968).

Had it been the intent of the legislature that I.C. § 40–104 was to encompass streets and alleys laid out in the plats, there was but little purpose for the enactment of the law pertaining to the vacation of the plats, or of any of the streets and alleys laid out in the plats. It is our determination that I.C. § 40–104 was not intended to be applicable to dedicated streets and alleys set out in recorded plats.

Respondents argue, however, that the 1963 amendment to I.C. § 40–104 intended a change from the prior law where it limited the applicability of the statute to "a road established by prescription not worked or used for the period of five (5) years," and hence reflects the previous intent of the legislature to have this provision made applicable to streets and alleys in platted subdivisions. We disagree with this analysis. Our interpretation of the intent of the legislature, set out in the prior paragraph, also applies here. Moreover, review of the statutes of this state dealing with the law pertaining to plats and their filing, makes it clear that it was the intent of the legislature to establish as best it could a practical means to foster the orderly growth of the cities, towns and villages of this state. The legislature had to have recognized that the mere filing of plats for subdivisions does not in itself create a viable community, but only after the lots have been sold, and the homes and businesses established thereon, does this come into being. The legislature, of course, had to have recognized that the actual development of a community on platted subdivisions takes time, and had the five year limitation provision been applicable, there would have been no way for any control of the orderly progress and development of communities on such platted areas. Hanson v. Proffer, *supra*; Archer v. Salinas City, 93 Cal. 43, 28 P. 839 (1892).

It is our conclusion that the trial court erred in its ruling that the five year provision of I.C. § 40–104, prior to the 1963 amendment, was applicable to the streets in "Rosedale, Gallaher's Subdivision, Second Filing."

In that respondents have not filed an answer to the complaint they must be accorded an opportunity to develop any other defenses they may have. Therefore, the summary judgment is reversed, and the cause remanded for further proceedings. I.R.C.P. 12(b). Costs to appellant.

McQUADE, C. J., and SHEPARD, J., concur.

DONALDSON, Justice (dissenting).

In my opinion, I.C. § 40–104, as it read prior to the 1963 amendments, governs this case. It provided:

"*Abandonment of Highways.*—A road not worked or used for the period of five years ceases to be a highway for any purpose whatever."

That portion of Illinois Street in question was never opened or improved for the sixty-two years it was in Ada County, nor thereafter. It was therefore abandoned in 1907, five years after the plat was filed with Ada County. The city did not annex the subdivision until 1964. The majority opinion holds that I.C. § 40–104 does not apply because if the legislature had so intended, there was no purpose for the legislature to enact laws pertaining to the vaca-

tion of plats or of any of the streets and alleys laid out in plats. I would merely point out that one obvious purpose is that this method provides a much quicker and surer method of vacating streets, alleys, highways, etc., than having to wait for five years and then having to face the possibility of a court determination as to when and if the period of limitation has run.

In addition, I feel that the 1963 amendments to I.C. § 40–104 sustain my interpretation. In 1963, the legislature amended this section so that it read: "A road established *by prescription* not worked or used for the period of five (5) years ceases to be a highway for any purpose whatever." In construing statutes, it is generally held that a "change of language in a statute by amendment indicates a change of legislative intent * * *." 82 C.J.S. Statutes § 384, at 899 (1953). This Court, in the case of McKenney v. McNearney, 92 Idaho 1, 435 P.2d 358 (1967), spoke on this point, stating:

" 'When a statute is amended, it is presumed that the legislature intended it to have a meaning different from that accorded to it before the amendment.' Wellard v. Marcum, 82 Idaho 232, 239, 351 P.2d 482, 486 (1960). ' * * * whenever the Legislature declares that an existing statute is to be amended "to read as follows," etc., it thereby evinces an intention to make the new act a substitute for the old one and that so much only of the original act as is repeated in the new one is continued in force, and all portions omitted from the new act are repealed.' Continental Oil Co. v. Montana Concrete Co., 63 Mont. 223, 229, 230, 207 P. 116, 118 (1922). See also Employment Security Agency v. Joint Class "A" Sch.Dist., 88 Idaho 384, 400 P.2d 377 (1965); State ex rel. Anderson v. Rayner, 60 Idaho 706, 96 P.2d 244 (1939); United Pacific Ins. Co. v. Bakes, 57 Idaho 537, 67 P.2d 1024 (1937); In re Segregation of School Dist. No. 58, etc., 34 Idaho 222, 200 P. 138 (1921); Sutherland, Statutory Con-

struction, 3rd Ed., Vol. 1, §§ 1930, 1932." 92 Idaho at 4, 435 P.2d at 361.

One further reason to adopt this interpretation is that the States of California, Washington, and Utah, with statutes identical or almost identical to that involved in this case, have held that the failure of a county to open a road within a five-year period after it was dedicated as a road operated as an abandonment thereof. In California, the first case was that of Myers v. Daubenbiss, 84 Cal. 1, 23 P. 1027, 1029 (1890). This was followed by the case of Ferroggiaro v. Board of Public Works, 52 Cal.App. 393, 198 P. 810 (1921). In the latter case, the California court, in interpreting an identical statute, said:

"But even if this was a sufficient dedication at the times when the maps were filed, failure to use the streets as such for a period of five years worked an abandonment under the provisions of section 2620 of the Political Code, which was in force until its repeal in 1883.

"Thus, while this statute was the law of the state, applicable in the city and county of San Francisco as elsewhere, a five-year period of nonuser worked an abandonment of the street, and respondent having been in the adverse possession of the land during that period and continuously thereafter, as the trial court found, the judgment must be affirmed." 198 P. at 811.

In Utah, a statute similar to Idaho's was involved in the case of Sowadzki v. Salt Lake County, 36 Utah 127, 104 P. 111 (1909), cited with approval in Mochel v. Cleveland, 51 Idaho 468, 5 P.2d 549 (1930). There, the Utah Supreme Court said:

" * * * that section 1116 applies to all roads and highways outside of cities and towns irrespective of how they were established or created; and that any public road or highway of a county of this state if not used or worked for a period of five years whether from the time it was established or created or from the time it is no longer used

ceases to be a public highway, and the county authorities, after such time has elapsed, cannot open it, except in the manner provided by law for the establishment and opening of highways generally." 104 P. at 117.

In the State of Washington, there are numerous cases which have reached the same result. In the case of Howell v. King County, 16 Wash.2d 557, 134 P.2d 80 (1943), which also involved a statute similar to ours, the Washington Supreme Court held:

"* * * that the statute effected a vacation of streets in platted tracts which had remained unopened for public use for a space of five years prior to 1909. Tamblin v. Crowley, supra [99 Wash. 133, 168 P. 982]. So, we are constrained to hold that the appellants Sandell are the owners of the vacated portion of Hume avenue in controversy by virtue of their ownership of the lots abutting it, freed from the public easement created by the plat and dedication of Kenwood Park." 134 P. 2d at 81–82.

While I.C. § 40–104 has never been construed by the Idaho courts, the Idaho Supreme Court in the case of Mosman v. Mathison, 90 Idaho 76, 408 P.2d 450 (1965), did indicate what the construction would most likely be when it, in construing another statute, used I.C. § 40–104 to illustrate the meaning of the word abandon. The Court said:

"* * * the right to abandon the road is in the hands of the Commissioners, not in the public as where a road is not worked or used for a period of five years, *as provided by I.C. § 40–104 (before it was amended, S.L. 1963, Ch. 267)."* 90 Idaho at 84, 408 P.2d at 454 (emphasis ours).

This would seem to indicate a recognition by this Court that the statute would permit abandonment by non-usage.

It is my opinion that the County of Ada, by non-usage for a period of more than five years after the dedication of Illinois Street, abandoned its right to the dedicated street long before the area was annexed by the City of Boise; that I.C. § 40–104 was self-executing; and that the City of Boise has no right to open the abandoned street unless it desires to claim the right-of-way by eminent domain.

BAKES, J., concurs in the dissent.